ROBERT J. KULAK ET AL. *v.* ZONING BOARD OF APPEALS
OF THE CITY OF STAMFORD ET AL.

BOGDANSKI, C. J., PETERS, HEALEY, PARSKEY and ARMENTANO, Js.

Argued April 2—decision released June 23, 1981

*William J. Murray,* for the appellants (defendants Samuel Manka and Helen Manka).

*L. Morris Glucksman,* for the appellees (plaintiffs).

BOGDANSKI, C. J.   The issue presented on this appeal is whether the defendant zoning board of appeals acted illegally or arbitrarily when it granted the individual defendants, Samuel and Helen Manka, a variance to build a dwelling house on lot number 146 of the Hillandale Park Subdivision in the city of Stamford.   The plaintiffs are residents and taxpayers of the city of Stamford owning property which abuts or is within 100 feet of the property in question.   On the plaintiffs' appeal, the trial court found error and ordered the

board's action set aside. Upon a grant of certification, the individual defendants took this appeal.

In 1916, a subdivision map entitled, "Map number four of Hillandale Park, Stamford, Conn., owned by Frank Phelps," containing one hundred fifty, 50 x 120 foot building lots was filed in the land records of the city of Stamford. During the ensuing years virtually all the lots were sold and dwellings constructed upon most of them.

In 1916, the city of Stamford had no zoning. Its first zoning ordinance appears to have been adopted in 1926. That ordinance permitted dwellings to be erected on lots with a fifty foot frontage. On November 30, 1951, a new zoning ordinance was adopted which required lots consisting of sixty feet of frontage and 7500 square feet in area.

In 1973, the individual defendants purchased two 50 x 120 foot lots shown on the subdivision map as lots 145 and 146. Lot 145 had a single-family residence located upon it which the defendants sold in 1978. Thereafter, they applied to the zoning board of appeals for a variance to build a dwelling on lot 146. The planning board for the city of Stamford recommended its approval on the ground that the variance could not possibly change the character of the neighborhood and that it was in keeping with the objectives of the master plan of zoning for the neighborhood with like development abutting the subject premises.

After a hearing, the zoning board of appeals granted the variance and the plaintiffs appealed to the Superior Court. That court reversed the board's decision on the ground that the alleged hardship did not arise out of the application of the zoning regulations but rather out of the individual defend-

ants' voluntary act in purchasing the property on the gamble that they could procure a variance. This reversal did not concern the existence of hardship in connection with the subject property; it relied solely on the fact that the hardship was self-created. The court held, in essence, that the facts in this case were precisely analogous to those in *Abel* v. *Zoning Board of Appeals,* 172 Conn. 286, 374 A.2d 227 (1977).

In *Abel,* the purchaser of a .704 acre lot in the city of Norwalk applied for a variance from the one-acre requirement mandated by the ordinance's "AAA" residential zone classification. The applicant requested the variance in 1973, six months after he had purchased the lot, in order to obtain permission to construct a dwelling. Upon examination of the manner in which the applicant had obtained title to the lot, however, the court observed that the lot had been created in 1961 as the remains of a subdivision which had yielded five separate building lots of one acre each and a sixth area designated on the recorded map as follows: " '(Reserve) Area = .704 Acre This area is not to be constituted as a building lot but to be used as a park reserve for Sisters of Saint Thomas of Villanova (across the street).' " Id., 287. These were the terms of the subdivision plan as approved by the Norwalk planning commission in 1961. Nevertheless the board granted the variance and its decision was upheld by the Court of Common Pleas. On an appeal to this court brought by the abutting landowners, we agreed with the appellants' assertion that the hardship found by the board had been voluntarily assumed by the applicant and could not constitute grounds for the grant of a variance. "[W]here the claimed hardship arises from the

applicant's voluntary act, a zoning board lacks power to grant a variance." *Abel* v. *Zoning Board of Appeals,* supra, 289.

The facts in *Abel* are not analogous to those in the present case. The present subdivision map was filed in 1916. The zoning ordinance requiring sixty foot frontage was adopted in 1951. The hardship created for the owners of the lot was imposed by the 1951 ordinance.[1] The defendants are not barred by the self-created hardship rule from obtaining a variance. Where the applicant or his predecessor creates a nonconformity, the board lacks power to grant a variance. Where, however, the hardship is created by the enactment of a zoning ordinance and the owner of the parcel could have sought a variance, a subsequent purchaser has the same right to seek a variance and, if his request is supported in law, to obtain the variance. *Johnny Cake, Inc.* v. *Zoning Board of Appeals,* 180 Conn. 296, 300–301, 429 A.2d 883 (1980).

There is error, the judgment is set aside and the case remanded with direction to dismiss the appeal.

In this opinion the other judges concurred.

---

[1] The defendants did not create an undersized lot by their sale of lot 145 in 1978. Lots 145 and 146 have been separate lots since 1916, when the subdivision map was filed. "Lot" is defined in § 3, subsection (55) of the Stamford zoning regulations as "[a] parcel of land occupied or to be occupied by a building or a group of buildings and their accessory uses, or for storage space, including such open spaces as are required by these regulations and such other open spaces as are arranged, designed and/or used in connection with such buildings." This recognizes that contiguous land all owned by the same person does not necessarily constitute a single lot. *Bankers Trust Co.* v. *Zoning Board of Appeals,* 165 Conn. 624, 632, 345 A.2d 544 (1974); *Schultz* v. *Zoning Board of Appeals,* 144 Conn. 332, 338, 130 A.2d 789 (1957).