[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, pursuant to Connecticut General Statutes8-8, appeals from a decision of the Planning and Zoning Board of Appeals of the Town of Greenwich (board) granting an abutting property owner a variance to construct a two family dwelling. The following facts are pertinent CT Page 1383
The applicant owns two adjoining lots on Decatur Street in Greenwich. (Ret. Rec. Exhibit 1). Both lots which were created by a subdivision plan predating the town's zoning regulations, are undersized for their zone. (Ret. Rec. Exhibit 3, pp. 5, 6, 22. ) A small, single family house dating approximately from 1910 stands on the more southerly of the two lots, lot number 34-35. The adjoining lot of the applicant, lot number 36-37, lies immediately to the north and is presently vacant. (Ret. Rec. Exhibit 4(g).) To the north of lot number 36-37 lies the property owned by the plaintiff.
On July 31, 1987, the applicant applied to the Board for a variance to permit the construction of a two-family dwelling on the vacant lot (36-37). Ret. Rec. Exhibit 1.) The Board, after publishing notice notice (Ret. Rec. Exhibit 2 File, #118) held a hearing on October 7, 1987 (Ret. Rec. Exhibit 3) and granted the variance. Notice of the decision was published October 19, 1987. (Ret. Rec. Exhibit 8.) The plaintiff thereafter brought the present appeal to this court.
To exercise the statutory privilege of bringing a zoning appeal, the appellant must strictly comply with the statutory prerequisite for bringing such an appeal. Simko v. Zoning Board of Appeals, 206 Conn. 374,377 (1988). Failure to do so deprives this court of subject matter jurisdiction and necessitates the dismissal of the appeal. Id. Conn. Gen. Stat. 8-8 (Rev'd to 1987)[1] provides that appeals from the decision of a zoning board of appeals may be taken to this court.
Aggrievement
"[A]ny person owning land which abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board" may appeal that decision to this court. Conn. Gen. Stat.8-8 (a).
(rev'd to 1987). The plaintiff has the burden of proving that he is aggrieved by a decision of a zoning board: see Conn. Gen. Stat. 8-8(a) (d) (rev'd to 1987; and the court decides this issue as one of fact. I.R. Stitch Associates, Inc. v. Town Council, 155 Conn. 1, 3 (1967). At the hearing on this appeal, the plaintiff testified, and the court thereafter found, that the plaintiff owns property adjacent to the property involved in the board's decision.
It is found that the plaintiff is aggrieved within the meaning of 8-8 (a) (rev'd to 1987).[2]
Timeliness
By statute, the plaintiff was required to bring the present appeal within fifteen days from publication of notice of the board's decision. Conn. Gen. Stat. 8-8 (a) (Rev'd to 1987). Notice of the board's CT Page 1384 decision was published October 19, 1987 (Ret. Rec. Exhibit 8); the plaintiff served the board on November 2, 1987, fourteen days later, and filed the appeal in court on November 19, 1987, thirty one days after publication of notice. Section 3(a) of Public Act 90-286[3] provides that any appeal from a decision of a zoning board of appeals "in which a final judgment has not been entered prior to the effective date of this act, otherwise valid except that the party taking the appeal failed to file such appeal with the superior court within fifteen days of the publication of the notice of such decision, is validated." It is found that, by virtue ofP.A. 90-286, the plaintiff's appeal must be deemed to be timely.
Service
By statute, the plaintiff was required to cite and serve the chairman or the clerk of the board and the town clerk. Conn. Gen. Stat.8-8 (b) (rev'd to 1987). The board moved to dismiss the appeal, arguing that the plaintiff had failed to cite and serve the town clerk and the variance applicant, and that such failure was jurisdictionally fatal. See Simko v. Zoning Board of Appeals, 205 Conn. 413 (1987) (town clerk); Fong v. Greenwich Planning and Zoning Board of Appeals,212 Conn. 637 (1989) (variance applicant). The parties extensively briefed this motion, and the court, Landau, J. ultimately ruled that although the citation was indeed defective, the appeal was validated pursuant to Public Act. 88-79. See Memorandum of Decision (#112).
Recognizance
The file contains a proper recognizance as required by Conn. Gen. Stat. 8-8 (c) (rev'd to 1987).
It is found that the court has jurisdiction over the subject matter of this appeal.
A trial court may grant relief on appeal from a decision of an administrative agency only where the agency has acted illegally, arbitrarily, or in abuse of its discretion. Raybestos-Manhattan, Inc. v. Planning Zoning Commission, 186 Conn. 466, 470 (1982). "When a zoning authority has stated the reasons for its actions, a reviewing court may determine only if the reasons given are supported by the record and are pertinent to the decision. Spectrum of Connecticut, Inc. v. Planning and Zoning Commission, 13 Conn. App. 159, 163-64, cert. denied207 Conn. 804 (1988)."Daughters of St. Paul v. Zoning Board of Appeals,17 Conn. App. 53, 56 (1988). "`The burden of proof to demonstrate that the board acted improperly is upon the plaintiff. . . .' Whittaker v. Zoning Board of Appeals. 179 Conn. 650, 654 (1980)." Adolphson v. Zoning Board of Appeals, 205 Conn. 703, 707 (1988).
 I. WHETHER THE TIMING AND FREQUENCY OF THE PUBLISHED ICE OF HEARING WAS ADEQUATE
CT Page 1385
The plaintiff first claims that the board's action was invalid because the board failed to publish notice of the October 7 public hearing in accordance with the requirements of Conn. Gen. Stat. 8-7 (rev'd to 1987). The plaintiff argues that as these requirements are a prerequisite to the boards jurisdiction to act on the variance application, the board's failure properly to publish notice rendered the board's action a nullity.
Conn. Gen. Stat. 8-7 (rev'd to 1987) provides that notice of the time and place of the board's hearing "shall be published in a newspaper having a substantial circulation in such municipality at least twice at intervals of not less than two days, the first not more than fifteen days, nor more than ten days and the last not less than two days before such hearing." Id. The record, as amended, contains affidavits averring that notice of the October 7 hearing was published on September 26 in the Greenwich Time, and on October 1 in the Advocate.[4]
(Ret. Rec. Exhibit 2; File, Amendment #118.) It is found that these two publications of notice properly fall within the time periods specified in 8-7 (rev'd to 1987).
 II WHETHER THE CONTENT OF THE PUBLISHED NOTICE OF HEARING WAS ADEQUATE
The plaintiff next claims that the notice of hearing published in the Greenwich Time was formally insufficient because it failed to identify the subject properly by lot number.[5] The plaintiff does not allege that he was prejudiced by this claimed omission.
It is only necessary for a zoning authority to provide notice adequate to ensure the public a reasonable opportunity within the applicable time constraints to obtain the information necessary to form an opinion whether to contest the application. Bridgeport Bowl-O-Rama, Inc. v. Zoning Board of Appeals, 195 Conn. 276, 282 (1985). Although the notice specifically identified only one of the two lots for which the variance was sought, the other lot was immediately adjacent and both were owned by the same person. In its brief, the board points out that Decatur Street is only about 500 feet long (Ret. Rec. Exhibit 4(g)0; and that lot 36-37 is only one on Decatur Street that remains vacant. (Ret. Rec. Exhibit 3, pp. 3-18 Exhibit 4.) Furthermore, the notice identified the application as being for a "separate use" variance, a type of variance involving more than one parcel. It is found that the notice of hearing, as published in the Greenwich Time and the Advocate; see footnote 5; was adequate to apprise the plaintiff of the nature of the variance application, as it contained sufficient information to make the plaintiff aware that a variance application was pending with respect to two adjacent lots on Decatur Street, one of which was lot 34-35.
 III WHETHER THE PLAINTIFF'S NOT RECEIVING MAILED NOTICE DEPRIVED THE BOARD OF JURISDICTION OVER THE APPLICATION
The plaintiff next claims that the board's action is void CT Page 1386 because a notice of hearing intended for him was mailed to the wrong address.[6] This claim is meritless. Conn. Gen. Stat. 8-7 ( Rev'd to 1987) requires the publication of notice of hearing in a local newspaper; see discussion, sections I, II, supra but does not require that notice be mailed to every person that could conceivably appeal the board's decision. Pergament Norwalk Corporation v. Kaimowitz,4 Conn. App. 633, 639 n. 8 (1985). Furthermore, and contrary to the plaintiff's contention, the Greenwich zoning regulations do not require variance applicants to notify all adjacent and nearby property owners of the pendency of the application. Because neither the applicant nor the board was required specifically to mail the plaintiff notice of the hearing, the plaintiff's claim that notice to him was mailed to the wrong address, even it true[7] is of no moment: Conn. Gen. Stat. 8-7
(rev'd to 1987).
 IV WHETHER THE RECORD SUPPORTS THE BOARD'S FINDING OF HARDSHIP
The plaintiff's fourth claim is that the board acted illegally, arbitrarily and in abuse of its discretion in granting the variance in the absence of evidence of hardship. The plaintiff argues the inadequacy of the only basis for the applicant's claim of hardship, namely, that the owners of other undersized lots on Decatur Street had received variances and that the present applicant should receive the same treatment. The plaintiff, it is found, misstates the basis for the board's action, as well as the applicable law.
An application for a variance bears the burden of showing that strict application of the zoning regulations produces an unusual hardship. Grillo v, Zoning Board of Appeals, 206 Conn. 362 (1988); Dolan v. Zoning Board of Appeals, 156 Conn. 426 (1968). A hardship that would justify the granting of a variance must be one that originates in the zoning regulation and arises directly out of the application of the regulation to circumstances beyond the control of the applicant. Pollard v. Zoning Board of Appeals, 186 Conn. 32 (1982).
In the present case, the lots fronting on Decatur Street were established by a subdivision map predating the enactment of the zoning regulations. (Ret. Rec. Exhibit 3, pp. 6, 20-23.) With the enactment of minimum lot size requirements in the zoning regulations, the small lots along Decatur became non-conforming. (Id.) An identical factual scenario arose in Kulak v. Zoning Board of Appeals, 184 Conn. 479 (1981). In Kulak, the court held that where a previously lawful subdivision lot is rendered nonconforming by the enactment of a zoning ordinance, the owner of the lot, or his successor in title is entitled to rely upon this fact to show a hardship in applying for a variance. Id. at 482. See also Adolphson v. Zoning Board of Appeals, 205 Conn. 703 (1988); Johnny Cake, Inc. v. Zoning Board of Appeals, 180 Conn. 296 (1980). The board in the present case, apparently relying upon Kulak, found that the existence of lots 34-35 and 36-37 predated the applicable zoning ordinance that CT Page 1387 enforcing the lot size regulations in this instance would impose a hardship, and that the applicant was thus entitled to a variance. (Ret. Rec Exhibit 5.)
It is the opinion of the court that the record supports the board's factual finding that the lots predated the ordinance, and that, on these facts, the board properly found a hardship. Kulak,184 Conn. at 479.
 V. WHETHER THE BOARD'S ACTION ILLEGALLY ALTERED OR IMPAIRED THE INTEGRITY OF THE ZONING REGULATIONS
The plaintiff's last claim is that the board's decision illegally usurped the function of the planning and zoning commission, in that it substantially affected the comprehensive zoning plan. The plaintiff argues that the board's decision allows the applicant "to erect structures inconsistent with the character and appearance of the neighborhood and inconsistent with the current zoning regulations."
Even if the applicant shows exceptional hardship, the board may not grant a variance for a use that is inconsistent with the general purposes and intent of the regulations, or which impairs their integrity. Miclon v. Zoning Board of Appeals, 173 Conn. 420 (1977); Spencer v. Zoning Board of Appeals. 15 Conn. App. 387 (1988). Where, as in the present case, the board has stated that the variance will not substantially affect the comprehensive zoning plan (Ret. Rec. Exhibit 5), this court may only determine whether the reason given is supported by the record. See Green v. Zoning Board of Appeals, 4 Conn. App. 500 (1985).
The plaintiff has not shown that the board's decision will substantially affect the comprehensive zoning plan. The applicant's lot is the last remaining vacant lot on Decatur Street (Ret. Rec. Exhibit 3, pp. 15, 22.), and the proposed use of the property, namely, for a two-family dwelling, would be expressly permitted within the zone for the size of the lot. Most of the other principal structures along Decatur Street are multiple-family residences. (Ret. Rec. Exhibit 3, pp. 14-15.) The variance will allow a use consistent with that contemplated by the zoning regulations. The plaintiff's claim to the contrary is without merit.
The plaintiff's appeal is dismissed.
RYAN, JOHN J.P., JUDGE
END NOTES