[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the decision of the Zoning Board of Appeals of the Town of Stonington denying the application of the plaintiffs, Elaine and Hamilton Lee, for variances of the Stonington Zoning Regulations to allow the division of their land into two parcels, to reduce the minimum lot size and to increase the maximum floor area of the resulting lots.
In 1988, The Lees conferred with the Zoning Enforcement Officer of the Town of Stonington concerning their plans to sell the rear parcel of their property and to construct a new dwelling there. The Officer notified the plaintiff that the property did not consist of two lots but was merged under Stonington Regulation 2.31 and should be considered a single lot. The plaintiffs then appealed this decision to the Zoning Board of Appeals of the Town of Stonington (the Board) which upheld the Zoning Enforcement Officer's decision that the lots had merged.
On August 14, 1990, the plaintiffs applied to the Board to obtain variances of (1) Stonington Zoning Regulation 2.31 to allow the division of their lot into two lots with common ownership, and (2) Stonington Zoning Regulation 3.91 to permit the plaintiff to reduce the minimum lot size and increase the maximum floor area ratio of the newly created parcels. On September 18, 1990, the Board conducted a public hearing on the CT Page 9236 variance application and denied the application by a vote of four to one. On October 9, 1990, the plaintiffs filed a timely appeal in the Superior Court and served the defendant pursuant to General Statutes Section 8-8.
The parties' brief and the record provide the following facts. The land in question is located on the corner of Schoolhouse Road and Chaippechaug Trail on Mason's Island in Stonington. The subject property originally consisted of two lots in a subdivision named "Saltair", created and owned by the Mason's Island Company in 1927. The first parcel (known as 3 Schoolhouse Road) is 16,563 square feet and contains a one and one-half story single family home built in 1953. The second parcel (known as One Schoolhouse Road) is 12,026 square feet and has always been vacant. Both lots were owned by the Mason's Island Company from 1927 to 1952. At that time, the first parcel was sold to Amy Palmer Jones, who built the home now located on the property. In 1961, zoning was first adopted in Stonington requiring all buildable lots to be a minimum of 15,000 square feet. Amy Jones purchased the second parcel in 1966, which, although less than the minimum lot size, was still a lawful, preexisting, nonconforming use under the Regulations in 1966.
In 1976, Stonington amended its Zoning Regulations to add the following:
 Any unimproved lot with area below area requirements for the zoning district it is in and contiguous or adjacent to a lot owned by the same individual shall be combined with the contiguous parcel.
In 1980, Amy Jones sold the property to Peter and Josephine Flynn who held the property for two years until the New England Savings Bank foreclosed on the property in 1982. Later in 1982, the Lees acquired the property from New England Savings Bank. Finally, in 1989, Stonington amended its Zoning Regulations, placing the parcel in question in an RA-20 zone which requires a minimum lot size of 20,000 square feet and a maximum floor area ratio of 15%.
The Zoning Board of Appeals of the Town of Stonington acted on the plaintiff's application for variances pursuant to Section 8-6 of the General Statutes which states that the Zoning Board of Appeals shall have the power "to determine and vary the application of zoning bylaws, ordinances, or regulations. In the present case, the plaintiffs submitted an application for variances of two Stonington Zoning Regulations. Thus, in the case at issue, the Board had statutory authority to decide the CT Page 9237 plaintiff's application for variances.
The plaintiffs are aggrieved under General Statutes Section 8-8 and are able to maintain this action. See Bossert v. Zoning Commission, 157 Conn. 279, 285, 253 A.2d 39 (1968). A trial court may not substitute its judgment for the wide discretion vested in the local agency which is acting within its legislative powers. Frito-Lay, Inc. v. Planning and Zoning Commission, 206 Conn. 554, 572-73, 538 A.2d 1039 (1988). The trial court may only grant relief on an appeal of an administrative agency when the agency has acted illegally, arbitrarily, or in abuse of its discretion. Frito-Lay, Inc., supra, 573. The court's role is to determine whether the record reasonable supports the conclusion reached by the agency. Primerica v. Planning and Zoning Commission, 211 Conn. 85, 96,558 A.2d 646 (1989); Burnham v. Planning and Zoning Commission,189 Conn. 261, 265, 455 A.2d 339 (1983); Stankiewicz v. Zoning Board of Appeals, 15 Conn. App. 729, 737, 546 A.2d 919 (1988), aff'd 211 Conn. 76, 556 A.2d 1024 (1989). Moreover, the agency's action is to be sustained if any one of the reasons stated is sufficient to support the decision. Primerica, supra, 96; Frito-Lay, Inc., supra, 576.
Where a Zoning Board of Appeals has not provided reasons for its decision, as in the present case, the court must review the record to determine a basis for the action taken. A.P.W. Holding Corp. v. Planning and Zoning Board, 167 Conn. 182,186, 355 A.2d 91 (1974); Morningside Association v. Planning and Zoning Board, 162 Conn. 154, 156 292 A.2d 893
(1972). Thus, in the case at issue, since the Zoning Board of Appeals failed to give reasons for its decision, the trial court must review the record before the Board "to determine whether it (the Board) acted fairly or with proper motives or upon valid reasons." A.P.W. Holding Corp., supra, 186-187. Courts have held that if the record reasonably supports the agency's conclusions, the agency decision will not be disturbed. Frito-Lay, Inc., supra 573; Eagan v. Zoning Board of Appeals,2 CSCR 559, 563 (April 21, 1987, Hurley, J.). The burden is on the plaintiff to show that the Board acted illegally, arbitrarily, or in abuse of its discretion. Adolphson v. Zoning Board of Appeals, 205 Conn. 703, 707, 535 A.2d 799 (1988).
The court must first dispense with the arguments made by the plaintiff concerning the merger of the property. The question of whether the property was merged under the 1976 regulations has already been decided. The plaintiffs originally sought an answer to that question from the Zoning Enforcement Officer in 1988. That decision was appealed to the Board which denied it, and there was no subsequent appeal to the Superior Court. Thus, the present appeal only deals with the application CT Page 9238 for variances sought by the plaintiff and all arguments concerning whether the property was merged cannot be entertained.
A variance is "authority granted to the owner to use his property in a manner forbidden by the zoning regulations." Kaeser v. Zoning Board of Appeals, 218 Conn. 438, 445, ___ A.2d ___ (1991). The Zoning Board of Appeals is the agency empowered to grant a variance. Connecticut General Statutes Section 8-6 (3). Courts have admonished Zoning Boards of Appeal to grant variances sparingly and only in circumstances where the applicant has met the specified requirements for variances. Kaeser, supra, 445; Pleasant View Farms Development, Inc. v. Zoning Board of Appeals, 218 Conn. 265, 271, ___ A.2d ___ (1991). In addition, the granting of a variance should not create a substantial change in the uses permitted in the zone. Kaeser, supra, 445. In granting a variance, the Zoning Board of Appeals is presumed to have acted fairly and for valid reasons. Burlington v. Jencik, 168 Conn. 506, 508-509, 362 A.2d 1338
(1975).
In order for a variance to be granted, it must be shown that: (1) the variance will not substantially affect the comprehensive zoning plan of the area, and (2) adherence to the strict letter of the zoning regulation will cause unusual hardship which is unnecessary to the carrying out of the general purpose of the zoning plan. Adolphson, supra, 709. However, where a landowner or his/her predecessor in interest creates the hardship (rather than hardship caused by the enactment of the zoning requirement), then the Board does not have the authority to grant a variance. Id. Moreover, "it is well settled that the hardship must be different in kind from that generally affecting properties in the same zoning district, and must arise from circumstances of conditions beyond the control of the property owner." Pollard v. Zoning Board of Appeal, 186 Conn. 32,39, 438 A.2d 1206 (1980).
In the present action, the record includes evidence that the requirements for obtaining a variance were not met. The plaintiffs did not meet their burden under the first part of the variance test since detailed testimony and evidence was placed in the record showing that granting a variance would have a substantial effect on the comprehensive plan. A comprehensive plan is embodied in the map and zoning regulations of the town. Sheridan v. Planning Board, 159 Conn. 1, 19, 266 A.2d 396
(1969). During the hearing in the present case, the Board heard the extensive land use history of Mason's Island. Moreover, the plaintiff presented a summary of lots in the area around the Lee house and found that seven of twenty-eight parcels have less square footage than the plaintiffs lot size. The head of the CT Page 9239 Mason's Island Company, Rufus Allyn, testified that while the original plan of the areas was to create smaller lots, many of the parcel laid out in the Saltair subdivision were combined to form larger parcels which were then built on. Moreover, the merger clause of 1976 further increased the lot size of the area. The evidence supports a finding that, at the present time, the Zoning Regulations as well as the general character of the area call for lot sizes in excess of that being sought by the plaintiffs in their variance application.
As to the issue of hardship, the plaintiffs argue that Connecticut courts have held that when a zoning regulation makes a lot undevelopable, the lot owners are entitled to variances. In support of this argument, plaintiffs cite Kulak v. Zoning Board of Appeals, 184 Conn. 479, 482, 440 A.2d 183 (1981); Johnny Cake, Inc. v. Zoning Board of Appeals, 180 Conn. 296,429 A.2d 883 (1980); Eagan, supra, 559; Okun v. Zoning Board of Appeals, 1 CSCR 223 (April 8, 1986, Walsh, J.); Dowling v. Zoning Board of Appeals, 1 CSCR 452 (June 25, 1986, Herman, J.). Through their citation of the above cases, the plaintiffs are apparently arguing that the hardship caused by the merger clause that justifies a variance is the merger clause itself, i.e., that the merger clause is intended to effectuate a merge of the two parcels, one of which is undersized and contiguous, irregardless of the hardship created. If the plaintiffs are seeking to question the validity of the merger clause, they must do so in a declaratory judgment action.
Moreover, the plaintiffs also argued that their hardship (1) deprives them of the reasonable use of the property, (2) is unique to the plaintiffs' property, and (3) is not self-created. However, the representative of the Mason's Island Homeowners Association argued that the plaintiffs' situation is not unique since there are at least nineteen other landowners in the area that have been placed in a similar situation to the plaintiffs. In addition, the record suggests that, originally, the smaller parcel was used as a garden, playground and dog run by the previous owners and thus, that reasonable use may still be made of the property. The record reasonably supports the conclusions reached by the Board.
John F. Walsh, J.