JOHN C. MANDANICI *v.* ZONING BOARD OF
APPEALS OF THE CITY OF SHELTON
(AC 17469)
(AC 17475)

Schaller, Hennessy and Daly, Js.

Argued June 4—officially released September 8, 1998

*Thomas J. Welch,* with whom, on the brief, was *John H. Welch, Jr.,* for the appellant (named defendant).

*Ian A. Cole,* for the appellant (intervening defendant).

*Joseph R. Mirrione,* for the appellee (plaintiff).

DALY, J. The defendants[1] appeal from the judgment of the trial court sustaining the plaintiff's appeal and reversing the decision of the defendant Shelton zoning board of appeals (board) that the plaintiff was not entitled to a variance because he did not suffer a hardship.

The defendants claim that the trial court improperly (1) ordered the board to grant a variance subject to conditions, when the plaintiff had purchased the property knowing gasoline stations were not a permitted use in that zone, (2) reversed the decision of the board by substituting its judgment for that of the board, (3) failed to give due consideration to conserving the public health, safety, convenience, welfare and property values required by General Statutes § 8-6 (a) (3), and (4) ordered the granting of a variance when the plaintiff failed to establish a hardship.

The factual background does not appear to be in dispute. The plaintiff purchased the premises at 895 Bridgeport Avenue in Shelton in 1988. That property is a three-quarter acre parcel. At the time of the purchase and at all relevant times thereafter, the premises was located in a zone in which gas stations were prohibited.

On May 29, 1992, the plaintiff applied for a variance from the use, lot size and frontage regulations to permit the construction of a gasoline station and convenience store. The board denied the application on June 6, 1992. The plaintiff appealed and, on October 25, 1994, the trial court found that the denial was arbitrary and remanded the matter to the board to "determine if enough land [was] available for the change of zone."

---

[1] One appeal, AC 17469, is by the Shelton zoning board of appeals. The second appeal, AC 17475, is by the intervening defendant, 900 Shelton Plaza Associates, an adjoining property owner. Both appeals involve the same premises and issues.

The board appealed to this court, but certification was denied on January 18, 1995.

The board recommenced hearings on February 1, 1995, and continued the hearings several times at the plaintiff's request. The board considered the reports of the city engineer and fire marshal, which indicated that the lot could not support the type of development sought due to insufficient width and frontage. On June 18, 1996, the board again denied the variance as being inconsistent with the comprehensive zoning plan.

On June 28, 1996, the plaintiff filed an appeal, and on September 9, 1996, 900 Shelton Plaza Associates intervened as a party defendant. On May 22, 1997, the trial court remanded the matter to the board and directed the board to "grant the plaintiff's application upon the plaintiff's meeting any reasonable conditions the board deems necessary to safeguard its concerns. If the plaintiff cannot meet the reasonable conditions of the board, then the board can deny his application." This appeal followed the granting of certification on July 16, 1992.

The defendants' first claim is that the trial court's instructions to the board to grant a variance subject to conditions is not within the scope of the authority of the board or the trial court because the plaintiff purchased the property knowing that gasoline stations were not permitted in that zone. Section 8-6 (a) (3) provides that a variance may be granted "where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done . . . ."

"For a variance to be granted under General Statutes § 8-6 (3), two conditions must be fulfilled: (1) the variance must be shown not to affect substantially the comprehensive zoning plan; and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan." *Kelly* v. *Zoning Board of Appeals*, 21 Conn. App. 594, 597–98, 575 A.2d 249 (1990). "Proof of hardship is, therefore, a condition precedent to the granting of a variance, and such hardship must arise from the circumstances or conditions beyond the applicant's control. *Smith* v. *Zoning Board of Appeals*, 174 Conn. 323, 327, 387 A.2d 542 (1978) . . . ." *Eagan* v. *Zoning Board of Appeals*, 20 Conn. App. 561, 563, 568 A.2d 811 (1990).

In *Devaney* v. *Board of Zoning Appeals*, 132 Conn. 537, 544, 45 A.2d 828 (1946), our Supreme Court stated that "[w]hen [the applicant] bought the property he voluntarily took a chance that he would be permitted to use it for a purpose expressly prohibited by ordinance. When the board of zoning appeals granted him that permission, it acted without authority and in clear abuse of the powers vested in it." In *Kulak* v. *Zoning Board of Appeals*, 184 Conn. 479, 481, 440 A.2d 183 (1981), "the hardship found by the board had been voluntarily assumed by the applicant and could not constitute grounds for the grant of a variance."

The plaintiff claims that the issue of hardship became res judicata when certification to appeal to this court was denied after the defendant board appealed the first remand. "We repeat what [our Supreme Court] said in *State* v. *Chisholm*, 155 Conn. 706, 707, 236 A.2d 465 [1967]: '[A] denial of certification does not necessarily indicate our approval either of the result reached by the Appellate Division or of the opinion rendered by it.'" *State* v. *Doscher*, 172 Conn. 592, 592, 376 A.2d 359 (1977); *Pagano* v. *Board of Education*, 4 Conn. App. 1,

5, 492 A.2d 197, cert. denied, 197 Conn. 809, 499 A.2d 60 (1985).

We conclude in this case that the trial court's order to grant the variance was improper because the plaintiff's voluntary assumption of hardship could not constitute grounds for a variance. Given our resolution of this claim, we need not address the defendants' remaining claims.

The judgment is reversed and the case is remanded with direction to render judgment denying the plaintiff's appeal.

In this opinion the other judges concurred.