[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
I. FACTUAL AND PROCEDURAL BACKGROUND
On December 18, 1998, the defendant, Rodney Green, submitted an application to the defendant, the City of Norwich Zoning Board of Appeals, for a variance from section 12.1 of the Norwich Zoning Regulations to reduce his front yard setback from 20 feet to 15 feet, and for a variance from section 3.15 of the regulations to reduce the required 60 feet buffer strip to 20 feet, for the purpose of constructing a 36 unit hotel. (Return of Record [ROR], Item A: Application #V-97-72). Public hearings were held on the application on January 13, 1998. (ROR, Item Q: Transcript of Hearing before Zoning Board of Appeals, Dated CT Page 2415 January 13, 1998, p. 1-28). On said date, the ZBA granted Green's requested variance from section 12.1 and section 3.15 of the Norwich Zoning Regulations, on the condition that Green plant 15-foot evergreen trees and erect a 6 foot green chain fence around the rear of the lot at issue. (ROR, Item Q: ZBA Decision, p. 29-33).
Following a discussion of the application for a variance from section 12.1 of the Norwich Zoning Regulations, four members voted in favor of the variance and one member opposed it. (ROR, Item Q, p. 30). As to the application for a variance from section 3.15 of the Norwich Zoning Regulations, four members voted in favor of the variance, and one member opposed it. (RCR, Item Q, p. 33). Therefore, the application for a variance, from section 12.1 and 3.15 of the Norwich Zoning Regulations was granted.
Subsequent to the publication of that decision in The NorwichBulletin on January 14, 1998, the plaintiff appealed to this court by writ, summons, and complaint dated January 26, 1998. (Appeal, dated January 26, 1998). The writ, summons, and complaint were served on Green, and on the ZBA on January 28, 1998. (Affidavit of Deputy Sheriff, Thomas J. Burke, dated January 28, 1998). The plaintiff, an adjacent property owner, claims aggrievement by the decision of the defendant, ZBA, in that the variances requested will increase traffic hazards and congestion; increase noise and litter; and decrease the value of plaintiff's residence and property. (Appeal, 5).
The plaintiff alleges in his complaint that the defendant commission acted illegally, arbitrarily, and in abuse of its discretion for the following reasons: Green lacked the requisite hardship necessary for the granting of said variances; the defendant, ZBA, based its decisions on reasons other than those permitted by the applicable statutes and regulations; and the defendant, ZBA, based its decision on topography issues that were unsupported by the evidence presented at the public hearing.[1]
(Appeal, 6.)
Green filed his answer on March 26, 1998, and the plaintiff filed his brief on May 26, 1998. The defendant ZBA filed its brief in opposition on June 10, 1998, and the defendant Green filed his brief in opposition on June 26, 1998.
II. DISCUSSION
CT Page 2416
A. Court's Standard of Review
"In reviewing the actions of a zoning board of appeals we note the such a board is endowed with a liberal discretion, and its [actions are] subject to review by the courts only to determine whether [they were] unreasonable, arbitrary or illegal. . . . The burden of proof to demonstrate that a board acted improperly is upon the party seeking to overturn the board's decision. . . . In an appeal from the decision of a zoning board, we therefore review the record to determine whether there is factual support for the board's decision, not for the contentions of the applicant." Francini v. Zoning Board ofAppeals, 228 Conn. 785, 791, 639 A.2d 519 (1994).
"Courts are not to substitute their judgment for that of the board . . . and decisions of local boards will not be disturbed so long as honest judgment has been reasonably and fairly exercised after a full hearing [.]" (Internal quotation marks omitted.) Bloom v. Zoning Board of Appeals, 233 Conn. 198, 206,658 A.2d 559 (1995). "Upon appeal, the trial court reviews the record before the board to determine whether it has acted fairly or with proper motives or upon valid reasons." (Internal quotation marks omitted.) Id.
"Where a zoning agency has stated its reasons for its actions, the court should determine only whether the assigned grounds are reasonably supported by the record and whether they are pertinent to the considerations which the authority was required to apply under the zoning regulations. . . . Under this traditional and long-standing scope of review, the proper focus of a reviewing court is on the decision of the zoning agency and, with regard to its factual determinations, on the evidence before it that supports, rather than contradicts, its decision." Casertav. Zoning Board of Appeals, 225 Conn. 80, 86-87, 626 A.2d 744
(1993).
B. Standard for Granting a Variance
"A variance is authority granted to the owner to use his property in a manner otherwise forbidden by the zoning regulations. . . ." (Internal quotation marks omitted.) Reid v.Zoning Board of Appeals, 235 Conn. 850, 857, 670 A.2d 1271
(1996); see also R. Fuller, 9 Connecticut Practice Series: Land Use Law and Practice (1993) § 2.2, p. 18. CT Page 2417
"Our law governing variances is well settled. [General Statutes] Section 8-6(a)(3) provides in relevant part that a zoning board of appeals may `determine and vary the application of the zoning bylaws, ordinances or regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusual hardship. . . .'" Reid v. Zoning Board of Appeal, supra,235 Conn. 856-57, quoting General Statutes § 8-6(a)(3).
By statute, a zoning board of appeals may grant a variance only when two basic requirements are satisfied: (1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan."Bloom v. Zoning Board of Appeals, supra, 233 Conn. 207.
"The power to grant a [variance] is to be sparingly exercised. Nielsen v. Board of Appeals on Zoning, 129 Conn. 285,289. It is to be used only where a situation falls fully within the authority granted. Devaney v. Board of Zoning Appeals,132 Conn. 537, 540." Jackson' s Inc. v. Zoning Board of Appeals,21 Conn. Sup. 102, 108, 145 A.2d 241 (1958). "It is well settled that the granting of a variance must be reserved for unusual or exceptional circumstances. Bloom v. Zoning Board of Appeals, supra, 233 Conn. 208.
C. Aggrievement
"[P]leading and proof of aggrievement are prerequisites to the trial court's jurisdiction over the subject matter of a plaintiff's appeal." Jolly. Inc. v. Zoning Board of Appeal,237 Conn. 184, 192, 676 A.2d 831 (1996). "In the case of a decision by a . . . zoning board of appeals, `aggrieved person' includes any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board." General Statutes § 8-8(a)(1).
In the present case, Giarrantano alleges that he is the owner of property located at 330 West Main Street which abuts or is CT Page 2418 located within 100 feet of the property for which the variances from sections 12.1 and 3.15 of the Norwich zoning regulations were approved. (Appeal, 4.). The plaintiff has submitted a certified copy of his deed to 330 West Main Street in verification of his claim that he is an abutting owner of the subject property and testified to the same at the hearing before the court. The defendant submitted no evidence in contradiction.
The court, pursuant to the provisions of General Statutes, Section 8-8(a), finds that the plaintiff is the owner of property abutting the subject property, or is within a radius of one hundred feet of said property, and, therefore, is aggrieved by the ZBA's decision in approving the variance application. Accordingly, the plaintiff has standing to pursue this appeal.
D. Claims of Law
Giarrantano argues that the ZBA's decision is illegal, arbitrary, and an abuse of its discretion because: (1) a hardship was not shown to exist; and (2) the variances from sections 12.1 and 3.15 substantially affect the comprehensive scheme of the zoning regulations of the city of Norwich. (Giarrantano's Brief, dated May 26, 1998, pp. 5, 10).
In opposition, the defendants argue in their respective briefs that the variances do not materially impair the comprehensive scheme of the zoning regulations, and the zoning regulations had a confiscatory effect which imposed a hardship on the applicant. (ZBA's Brief, dated June 10, 1998, pp. 8, 11; Green's Brief, dated June 26, 1998, pp. 4, 14).
In addition to the aforementioned arguments, Green also argues that the plaintiff's appeal must be dismissed because the plaintiff failed to name and serve a statutorily mandated party to the appeal. (Green's Brief, p. 17).
1. Procedural Concerns
 a. Failure to Name and Serve a Statutorily Mandated Necessary Party to the Appeal
Green argues that the appeal must be dismissed because the plaintiff neither named nor served a copy of the appeal papers upon Greenstreet Properties, LLC (hereinafter "Greenstreet"). Green asserts that Greenstreet is a necessary party to this CT Page 2419 appeal because it is a co-applicant for the variances at issue and is a co-owner of the property in question. (Green's Brief, dated June 26, 1998, p. 17-19)
General Statutes 8-8(b) provides, in pertinent part, that an "appeal shall be commenced by service of process in accordance with subsections (e) and (f) of this section within fifteen days from the date that notice of the decision was published as required by the general statutes."
Subsection (e) provides that service "shall be made by leaving a true and attested copy of the process with, or at the usual place of abode of, the chairman or clerk of the board, and by leaving a true and attested copy with the clerk of the municipality."[2]
Subsection (f) further provides in relevant part that: "[s]ervice of process shall also be made on each person who petitioned the board in the proceeding, provided his legal rights, duties or privileges were determined therein. However, failure to make service within fifteen days on parties other than the board shall not deprive the court of jurisdiction over the appeal." General Statutes § 8-8(f).
It has been well established that parties are indispensable when they not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such condition that its final [disposition] may be wholly inconsistent with equity and good conscience." (Internal quotation marks omitted.) Napoletano v. Cigna Healthcare ofConnecticut Inc., 238 Conn. 216, 225 n. 10, 680 A.2d 127 (1996).
In the present case, the variance application lists Rodney Green as the applicant/owner and Greenstreet as co-owner of the property at issue. (ROR, Item A). Further, notice of the subsequently granted variance has been filed in the Norwich Land Records and lists Rodney Green and Greenstreet as the owners of the property. ("Notice of Variance or Appeal").
By virtue of the board's granting of the variance, Greenstreet acquired an interest in the subject matter of the appeal that might deprive it of the benefit of the outcome reached by the board. Therefore, Greenstreet is a necessary party to this appeal. CT Page 2420
Having determined that Greenstreet is a necessary party, the court must determine whether the appeal should be dismissed for failure to cite and serve Greenstreet.
Initially, it is important to note that Greenstreet is not a statutorily mandated party. Greenstreet did not petition the board for the variances at issue. Green, who was properly named and served, is the only party named as the applicant for the subject variances and his sole signature appears on the variance application. (ROR, Item A). This distinction is also reflected in the zoning officer's report to the ZBA, wherein the zoning officer referred to the appeal as: "[a]ppeal of Rodney Green for property at 336-360 West Main Street, located in a GC zone district." (Emphasis added.)(ROR, Item E: Zoning Officer's Report).
Nevertheless, even if Greenstreet had petitioned the board, "the failure to cite and serve a successful zoning board applicant does not result in a lack of subject matter jurisdiction and require dismissal of the appeal." Fong v.Planning Zoning Board of Appeals, 212 Conn. 628, 635,563 A.2d 293 (1989). "Pursuant to General Statutes § 8-8 (e) and (f), an appeal such as the present action is commenced and jurisdiction is established by service of process on the defendant Zoning Board of Appeals alone." Barnett v. Zoning Boardof Appeals, Superior Court, judicial district of Stanford-Norwalk at Stamford, Docket No. 138049 (November 15, 1994, Lewis, J.) (13 Conn. L. Rptr. 18).
As to the issue of service, this court finds that Greenstreet was not prejudiced by its lack of individualized service in the present appeal. Greenstreet received notice of the appeal by virtue of the plaintiff's service on Green. The record indicates that Green stood before the ZBA not only in an individual capacity, as the applicant/co-owner of the subject property, but also as a representative of Greenstreet. In the notice to the abutting landowners regarding the variance application, Green signed the notice on behalf of himself and Greenstreet. (ROR, Item D: Notice of Variance Application: Norwich Zoning Board of Appeals). No other signature on behalf of Greenstreet appears in the record. Further, the only direct mailing address provided by Green and Greenstreet is that of 360 West Main Street, Norwich, CT., which is the address Green listed as his own. (ROR, Item D and Item A). CT Page 2421
Therefore, it is clear from the record that the proper parties to this appeal were notified. This court refuses to elevate form over substance by ordering that additional service be provided on Greenstreet.
Accordingly, as this court maintains jurisdiction over this appeal, it will review the appeal on the merits.
2. Substantive Concerns
a. Hardship
Giarrantano argues that where a regulation provides for a variance by reason of topography, it is intended to apply to the physical characteristics of the land, and not the contemplated use. Giarrantano asserts that in the present case, it is the contemplated use, a 36-unit hotel, and not the topography of the land that creates a hardship for the defendant.
In opposition, the defendants argue that a hardship exists by virtue of the fact that the application of the setback and buffer requirements to the land at issue would render the area available for business purposes too small for any viable commercial enterprise.
Section 19.1.3 of the Norwich zoning regulations sets forth the powers and duties of the ZBA. Section 19.1.3 provides that the board may "vary the strict application of any of the requirements of this ordinance in the case of an exceptionally irregular, narrow, shallow, or steep lot or other physical conditions for which strict application would result in exceptional difficulty or unusual hardship that would deprive the owner of the reasonable use of the land or building involved, but in no other cases." (Emphasis added.) (ROR, Item R: Norwich Zoning Regulations, p. 1026.4-.5).
At the public hearing before the ZBA, Green testified that "[i]f we were to follow the exact zoning regulations, if we did everything absolutely required, we would have setbacks, we would have buffers and everything, and you would have 39 feet of land left to do anything. That makes it basically unusable." [ROR, Item Q, p. 3)
After the public hearing was closed, Mr. Charron, a member of CT Page 2422 the ZBA, commented: "the reality is that the lot is shallow and without a reduction in the front yard setback there would be little usable space left on which any reasonable building could be put." (ROR, Item Q, p. 29). Mr. Marshall, also a member of the ZBA, agreed: "the question of setback has to be considered very seriously because it would create a hardship if [Green] is not granted change in the setback because the property would be really, almost useless to put any kind of construction." (ROR, Item Q, p. 29).
Following the aforementioned remarks, four members of the board voted in favor of the setback application, and one member opposed it; therefore, the setback variance was granted. As to the variance from the buffer requirement, the four board members in favor of the application found that "the depth of the lot and the topography of the land" required the variance. (ROR, Item Q, p. 33).
Where a zoning agency has stated its reasons for its actions, the court should determine only whether the assigned t grounds are reasonably supported by the record and whether they are pertinent to the considerations which the authority was required to apply under the zoning regulations. . . . The [decision] must be sustained if even one of the stated reasons is sufficient to support it. . . . [This] applies where the agency has rendered a formal, official, collective statement of reasons for its action." Bloom v. Zoning Board of Appeals, supra,233 Conn. 208.[3] "Where the zoning board of appeals does not formally state the reasons for its decision, however, the trial court must search the record for a basis for the board's decision." Id., 208. "If the court finds that the reasons given by the ZBA for [granting] the variance[s] are unsupported, it is "warranted in concluding that the action of the board in [granting] [the variances] was arbitrary, illegal and in abuse of its discretion." Chevron Oil Co. v. Zoning Board of Appeals,170 Conn. 146, 153, 365 A.2d 387 (1976).
In the present case, although individual members of the board discussed reasons for granting the variances, the board did not state a collective, official reason for its action. Accordingly, the court must search the record as a whole to determine whether the evidence supports the board's decision to grant the variance.
In the present case, a review of the record reveals that the only evidence of hardship that Green presented to the board was CT Page 2423 the reduction in usable space that the regulation would impose due to the property's topography. The court may reasonably conclude from the record that the board granted the variances because "the depth of the lot and topography of the land" and the "shallowness of the lot," required it. (See ROR, Item Q: ZBA Decision, p. 29, 33). The ZBA's primary reason for granting the variances, therefore, was the reduction in usable space due to the literal application of regulations 12.1 and 3.15.
"[A] hardship is sufficient to justify a variance if it results from the peculiar topography, location, or condition of the land that makes the property unsuitable for the use permitted in the zone." Bloom v. Zoning Board of Appeals, supra,233 Conn. 201. "Limitations imposed by the shape of the lot do not in themselves create a hardship, however. They must, in conjunction with the regulations, prevent the owner from doing something the owner otherwise has a right to do." (Internal quotation marks omitted.) Johnson v. Zoning Board of Appeals, Superior Court, judicial district of Litchfield, Docket No. 069598 (August 1, 1996, Walsh, J.).
This court finds that the record does not support the conclusion that a reduction in usable space would deprive the applicant of the reasonable use of his property, thereby creating a hardship.
Although Green commented at the public hearing that a literal application of the regulations would render his property "basically unusable," he later admitted that other uses for the site existed: "[t]here are things that we can do their [sic] on that property without being here before [the ZBA]. There are a lot of things we can do." (ROR, Item Q, p. 26).
Furthermore, a residential home currently exists on the property. No hardship resulted from the characteristics of the property or the enforcement of the zoning regulations while the property was being used for residential purposes. Thus, the property is capable of being used for residential purposes as well as other commercial properties without varying the zoning regulations. The court acknowledges the ZBA's argument in its brief regarding the high cost of refurbishing the existing home or of building a new residential structure on the site. (ZBA's Brief, p. 13).[4] Yet, "[a] mere decrease in property value or other financial loss . . . will not ordinarily constitute a hardship sufficient to mandate the issuance of a variance." PikeCT Page 2424v. Zoning Board of Appeals, 31 Conn. App. 270, 274, 624 A.2d 909
(1993). See also Bloom v. Zoning Board of Appeals, supra,233 Conn. 208. "The financial impact must be such that the board could reasonably find that the application of the regulations to the property greatly decreases or practically destroys its value for any of the uses to which it could reasonably be put and where the regulations, as applied, bear so little relationship to the purposes of zoning that, as to particular premises, the regulations have a confiscatory or arbitrary effect." (Internal quotation marks omitted.) Pike v. Zoning Board of Appeals, supra,31 Conn. App. 275, citing Grillo v. Zoning Board of Appeals,206 Conn. 362, 369, 537 A.2d 1030 (1988).
In the present case, as previously noted, the regulations as applied do not destroy the value of the property for "any of the uses to which the property could reasonably be put." Grillo v.Zoning Board of Appeals, supra, 206 Conn. 369. The regulations do, however, prevent the defendant from building the specific hotel he has already contracted to build.[5] But the inability to erect this hotel does not mean that the defendant can make no reasonable use of the lot in question, nor does it mean that he has suffered a financial hardship sufficient to amount to a confiscation of his land.
Although "[a] landowner has a right to beneficially use [his] land . . . [he] does not have a right to undertake the most beneficial use of [his] land." (Emphasis added.) Johnson v.Zoning Board of Appeals, supra, Superior Court, Docket No. 069598, citing T. Tondro, Connecticut Land Use Regulation (2d Ed. 1995 Sup., pp. 36-37). See also Grillo v. Zoning Board ofAppeals, supra, 206 Conn. 369 (a zoning regulation that prevents land from being used for its greatest economic potential does not create the exceptional kind of hardship that we have deemed to have a confiscatory effect).
"Disappointment in the use of property does not constitute exceptional difficulty or unusual hardship. . . ." (Internal quotation marks omitted.) Jaser v. Zoning Board of Appeals,43 Conn. App. 545, 548, 684 A.2d 735 (1996), citing Krejpcio v.Zoning Board of Appeals, 152 Conn. 657, 662, 211 A.2d 687 (1965). Further, "[p]ersonal hardships, regardless of how compelling or how far beyond the control of the individual appellant, do not provide sufficient grounds for the granting of a variance."Garibaldi v. Zoning Board of Appeals, 163 Conn. 235, 239-40,303 A.2d 743, 745 (1972). CT Page 2425
Because the record does not contain any evidence that Green made a showing that his parcel could not reasonably be developed for some other permitted use or that the effect of limiting the parcel to the permitted uses only would be confiscatory, this court finds that no hardship was imposed by the application of the regulations to the subject property.
III. CONCLUSION
"Proof of hardship is . . . a condition precedent to the granting of a variance. . . ." (Internal quotation marks omitted.) Mandanici v. Zoning Board of Appeals,50 Conn. App. 308, 311, 717 A.2d 287, cert. denied,247 Conn. 935, ___ A.2d ___ (1998), citing Smith v. ZoningBoard of Appeals, 174 Conn. 323, 327, 387 A.2d 542
(1978). "Therefore, since the hardship prong of the variance test has not been met, there is no need to address whether the variance would substantially affect the comprehensive zoning plan." Gurski v. Zoning Board of Appeals of Brookfield, Superior Court, judicial district of Danbury, Docket No. 324584 (May 13, 1997, Grogins, J.), citing Bloom v. Zoning Board ofAppeals, supra, 233 Conn. 207.
Accordingly, the plaintiff's appeal from the defendant ZBA's decision to grant the variance application is sustained.
Handy, J.