[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal by the plaintiffs William J. Fox and Lisa Fox from a decision of the Wolcott Zoning Board of Appeals (Board). The defendants are the Wolcott Zoning Board of Appeals and Wolcott Meadow Lake Associates, LLC (Wolcott Meadow).
The plaintiffs appeal from the decision of the board which granted an application by Wolcott Meadow for a variance of Section 4.2.1a of the Zoning Regulations of the Town of Wolcott.
The parties and their counsel appeared and were heard and the court reserved decision.
The evidence and testimony presented at the time of trial permits the court to make the following findings of fact.
The parties stipulated to the fact that as owners of the real property contiguous to the real property which is the subject of the appeal, the plaintiffs are aggrieved, as that term is defined by statute, and they have the requisite standing to maintain this action.
 BACKGROUND
On December 18, 1986, Frank Lanosa purchased by warranty deed from Ralph Barilla a parcel of land consisting of approximately 6.17 acres and situated on the southerly side of Meadow Lake Drive in the Town of Wolcott.
On May 31, 1988, Lanosa (a/k/a Frank C. Lanosa, Jr.) purchased an additional parcel of land situated on the southerly side of said Meadow Lake Drive which parcel was contiguous to the 6.17-acre parcel mentioned herein above.
On or about September 1, 1989, the Wolcott Planning Zoning CT Page 1773 Commission (Wolcott PZC) adopted Section 4.2.1 of the zoning regulations relative to interior lots. That section provides, in relevant part, that each interior lot shall have frontage on, and access to, a town-accepted and improved street by means of an unobstructed, legal, exclusive access way held in the same ownership as the interior lot. It further requires that said access way shall have a minimum width and street frontage of at least twenty-five (25') feet, except that if the area of the interior lot is equal to or larger than five acres, such access way shall have a minimum width and street frontage of not less than fifty (50') feet.
On March 5, 1990, Lanosa filed with the Wolcott Town Clerk a map and plot plan showing a proposed house and division of his property on Meadow Lake Drive. The map reconfigured the boundaries of his two parcels and it identified them as Lot 16 and Lot 16A. Lot 16 consisted of 68,084 square feet and abutted Meadow Lake Drive. Lot 16A consisted of approximately 5.037 acres and was situated to the south of Lot 16A and was not contiguous to Meadow Lake Drive. As between those two properties on Meadow Lake Drive, Lot 16A was the "interior lot." Lot 16A is described on said map as having dedicated to it a twenty-five (25') foot right of way which extended from its northern boundary across Parcel 16 to the public highway known as Meadow Lake Drive.
On September 4, 1994, and for some time prior thereto, both Lot 16 and Lot 16A were owned by Frank Lanosa (a/k/a/ Frank C. Lanosa II).
On September 4, 1994, Lanosa conveyed his title in and to Lot 16A (consisting of 5.037 acres, more or less) to Brian P. Borghesi, Allan R. Borghesi and Maxine Legeyt.
On July 18, 1995, Lot 16 was sold to the plaintiffs, William and Lisa Fox, by a lender who had taken title to that parcel by a foreclosure of Lanosa's interest. That sale was by a limited warranty deed, "subject to easements, restrictions, covenants and rights-of-way as may appear."
On June 13, 1996, Lot 16A was sold by its owners, Brian P. Borghesi, Allan R. Borghesi and Maxine A. Legeyt (a/k/a/ Maxine A. Lereyt Borghesi) to Lori J. Padula together with, among other things, a perpetual right to install and maintain a twenty-five (25') foot driveway extending from Meadow Lake Drive to Lot 16A.
On February 12, 1997, Lori J. Padula conveyed Parcel 16A by warranty deed to the defendant, Wolcott Meadow.
On a date prior to November 27, 1997, the Wolcott PZC adopted an CT Page 1774 amendment to Section 4.2.1 which modified the minimum width and street frontage of rights of way of interior lots from twenty-five (25') to thirty (30') feet.
On a date prior to November 27, 1997, Wolcott Meadow conveyed out a sufficient portion of Lot 16A such that said parcel was no longer in excess of five acres.
On November 27, 1997, Wolcott Meadows caused to be filed with the Town of Wolcott an application for zoning permit for Lot 16A to construct a single-family home thereon. The application was denied by the Zoning Enforcement Officer because the applicant did not hold fee simple title to the right-of-way (access way) and because the right-of-way was only twenty-five (25') feet wide and not thirty (30') feet as required by Section 4.2.1, as amended.
Wolcott Meadows appealed that decision to the defendant Board and requested as part of that appeal a variance of Section 4.2.1a because (1) it did not have fee simple title to the right-of-way and (2) because the right-of-way was only twenty-five (25') feet wide.
A public hearing was held on Wolcott Meadow's appeal on September 16, 1998 and on October 14, 1998, the defendant Board voted unanimously to grant approvals of the variances as requested by Wolcott Meadows. On October 25, 1998, notice of the Board's actions were published in theWaterbury-American Newspaper.
The plaintiffs have alleged in their appeal that the defendant Board acted illegally, arbitrarily and in abuse of the discretion vested in it in one or more of the following ways:
 In that it incorrectly found that "[z]oning has created the hardship by changing the rules; "
 In that it had information that the means of access that Wolcott Meadow plans to employ to access Lot 16A is not owned in fee simple by Wolcott Meadow;
 In that said variances violate Section 8-6 (a), C.G.S. in that Wolcott Meadows failed to demonstrate any alleged hardship it suffered as a result of the application of the regulation was the result of conditions especially affecting such parcel and not so effecting generally the district in which the parcel is situated;
In that the plaintiff's legitimate expectations as to the uses which CT Page 1775 would be allowed on Parcel 16A have been confiscated, violated and undermined by the approval of said variances; and
 In that the variances were granted without consideration of public health, safety, convenience, welfare and property values and in violation of the general purpose and intent of the zoning regulations.
On June 19, 2000, the court (Holzberg, J.) granted the defendant Town of Wolcott's Motion To Substitute Party Defendant for the reason that the defendant Wolcott Meadow Lake Association, by deed dated December 12, 1999, conveyed its interests to the Town of Wolcott.
Our standard of review is well established. "[C]ourts are not to substitute their judgment for that of the board and . . . the decisions of local boards will not be disturbed as long as honest judgment has been reasonably and fairly made after a full hearing . . ." (Internal quotation marks omitted.), Stancuna v. Zoning Board of Appeals,66 Conn. App. 565, 567-68 (2001), citing Jaser v. Zoning Board ofAppeals, 43 Conn. App. 545, 547 (1996).
"The trial court's function is `to determine on the basis of the record whether substantial evidence has been presented to the board to support [the board's] findings . . . [E]vidence is sufficient to sustain an agency finding if it affords a substantial basis of fact from which the fact in issue can be reasonably inferred . . . Where the board states its reasons on the record we look no further.'" Id., 547-48.
As noted, the Board found that Wolcott Meadow had sustained a hardship when the Planning Zoning Commission "changed the rules" and adopted the changes to Section 4.2.1 requiring fee ownership of the right-of-way from an interior lot to a public street and further requiring a 30' width for such rights-of way.
The plaintiff argued that, with the exception of the change of width requirement from 25 feet to 30 feet, these were the zoning regulations at the time the predecessors of the Town of Wolcott (Wolcott Meadows) took title to the interior lot and if it was a hardship, it was a self-imposed hardship.
As the chronology of events cited about discloses, in 1986 and in 1988 Frank Lanosa acquired two contiguous pieces of land which he subsequently reconfigured in a way that created an interior lot with no direct access to Meadow Lake Drive and he first recorded a map featuring that reconfiguration approximately six months after the Wolcott Planning Zoning Commission amended Section 4.2.1 of the Wolcott Zoning CT Page 1776 Regulations to require fee title to "access ways" from interior lots to public highways and also requiring such access ways to have a minimum width and street frontage of 50 feet if the interior lot was larger than five acres (as Lot 16A was at that time).
The plaintiffs argued to the Board that the creation of the access way by Lanosa was done voluntarily and presumably with full knowledge of the regulations in existence at that time. They pointed out that he was free to configure his Parcels 16 and 16A in any way he wished. He could have, for example, fashioned a fee-simple right of way from the interior lot (Lot 16A) directly to the street rather than to dedicate the entire frontage on Meadow Lake Drive to Lot 16 and then encumber that parcel with an easement which was not in conformity with the regulations then existing.
"For a variance to be granted under General Statutes § 8-6 (3), two conditions must be fulfilled: (1) the variance must be shown not to affect substantially the comprehensive zoning plan; and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan." Kelly v. Zoning Board of Appeals, 21 Conn. App. 594, 597-98
(1990). "Proof of hardship is, therefore, a condition precedent to the granting of a variance, and such hardship must arise from thecircumstances or conditions beyond the applicant's control. (Emp. added). Smith v. Zoning Board of Appeals, 174 Conn. 323, 327 (1978) . . ." Eagan v. Zoning Board of Appeals, 20 Conn. App. 561, 563 (1990).
Proof of exceptional difficulty or unusual hardship is absolutely necessary as a condition precedent to the granting of a zoning variance.Point O'Woods Assn., Inc. v. Zoning Board of Appeals, 178 Conn. 364, 368
(1979); Ward v. Zoning Board of Appeals, [153 Conn. 141, 143 (1965)];Kelly v. Zoning Board of Appeals, [21 Conn. App. 594, 598 (1990)]. A mere economic hardship or a hardship that was self-created, however, is insufficient to justify a variance; Krejpcio v. Zoning Board of Appeals,152 Conn. 657, 662 (1965).
In Devaney v. Zoning Board of Appeals, 132 Conn. 537, 544 (1946), our Supreme Court stated that "[w]hen [the applicant] bought the property, he voluntarily took a chance that he would be permitted to use it for a purpose expressly prohibited by ordinance. When the board of zoning appeals granted him that permission, it acted without authority and in clear abuse of the powers vested in it."
In Kulak v. Zoning Board of Appeals, 184 Conn. 479, 481 (1981), "the hardship found by the board had been voluntarily assumed by CT Page 1777 the applicant and could not constitute grounds the grant of for a variance." Mandanici v. Zoning Board of Appeals, City of Shelton,50 Conn. App. 308, 311 (1998).
For the foregoing reasons the court finds that the decision by the Board to grant the variances was improper because the voluntary assumption of the non-conformity of the property by the Town of Wolcott and by its predecessors in title could not constitute grounds for a variance.
The appeal by the plaintiffs is sustained.
By the Court,
Joseph W. Doherty, Judge CT Page 1778