B. I. B. Associates *v.* Zoning Board of Appeals of the City of Stamford et al.

House, C. J., Cotter, Ryan, Shapiro and MacDonald, Js.

Argued June 8—decided July 5, 1972

*William M. Ivler,* for the appellant (plaintiff).

*Gordon R. Paterson,* for the appellee (defendant Better Housing, Inc.).

*Theodore Godlin,* assistant corporation counsel, for the appellees (named defendant et al.).

Per Curiam. The plaintiff has appealed from a judgment of the Court of Common Pleas for Fairfield County which dismissed its appeal from the action of the defendant zoning board of appeals in granting to the Housing Site Development Agency of the city of Stamford and Better Housing, Inc., hereinafter referred to as the applicants, a variance from the operation of the Stamford zoning regulations. The applicants proposed to erect multiple-family dwelling units on their property on Glenbrook Road in Stamford and requested the variance to permit them to erect the units with provision for only thirty-five off-street parking spaces instead of the fifty-two spaces required by the zoning regulations.

The record discloses that the applicants did not acquire title to the Glenbrook Road property until eight months after the effective per unit parking regulation was adopted. The defendant board granted the variance on the ground that "[s]trict application of the regulations would produce unique and undue hardship and would not change the character of the neighborhood because: The premises were originally contracted for before the parking amendment was made and it will be impossible to build the proposed housing without such variance."

As recently as in *Garibaldi* v. *Zoning Board of Appeals,* 163 Conn. 235, 238, 303 A.2d 743, we reiterated that "[i]t is clear that for a hardship to justify the granting of a variance, the hardship must be different in kind from that affecting generally properties in the same zoning district," citing *Belknap* v. *Zoning Board of Appeals,* 155 Conn. 380, 383, 232 A.2d 922, and *Ward* v. *Zoning Board of Appeals,* 153 Conn. 141, 143, 215 A.2d 104. We also there noted that "a variance is not a personal exemption from the enforcement of zoning regulations. It is a legal status granted to a certain parcel of realty without regard to ownership. It is for this reason that the rule is well established that the financial loss or the potential of financial advantage to the applicant is not the proper basis for a variance. *Carlson* v. *Zoning Board of Appeals,* 158 Conn. 86, 89, 255 A.2d 841, and cases cited. . . . Personal hardships, regardless of how compelling or how far beyond the control of the individual applicant, do not provide sufficient grounds for the granting of a variance."

The record clearly discloses that the applicants acquired the subject property long after the parking-space zoning regulation had become effective and

when they knew or should have known of the regulation. It further appears that the regulation is one of general application affecting all properties in the same zoning district and that the claimed hardship is not one unique to the property of the applicants. In these circumstances we must conclude that the defendant board acted illegally and in abuse of its discretion in granting the variance.

The defendants have briefed a claim that the court erred in concluding that the plaintiff was a party aggrieved by the decision of the defendant board and therefore entitled to appeal. Although the record as it stands would indicate that there is no merit to the contention both on the facts and because the plaintiff is an abutting owner (see General Statutes § 8-8), the defendants did not file a cross appeal. See *Akin* v. *Norwalk*, 163 Conn. 68, 70, 301 A.2d 258.

There is error, the judgment is set aside and the case is remanded with direction to sustain the appeal.