[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Carl J. Alber, Trustee [plaintiff or Alber] appeals the decision of defendant Zoning Board of Appeals of the City of Stamford [board] granting the application of Konstantinos Thomas and Anna Maria Thomas [applicants or Thomas] for use and area variances for the construction of a proposed motor vehicle repair garage.
The subject property is located at 8 Lockwood Avenue, Stamford, Connecticut and is known as Parcel B as shown on Map No. 6485 entitled "Map showing Property of Herman F. Hoefer and estate of Elsie Speer, Stamford, Connecticut" which is on file at the Office of the Town Clerk, City of Stamford. (Return of Record [RR] #2 Application #128-89 for Konstantinos and Anna Maria Thomas dated July 28, 1989). The property lies within a C-B Zone (RR#2). A C-B zone is Community Business District which functions "to provide central concentrations of CT Page 3146 convenience goods and services as well as other commercial uses serving neighborhoods." (RR# 20 Zoning Regulations City of Stamford Article III Section 4 AA 9.1).
On July 28, 1989, Application No. 122-89 was filed by Konstantinos and Anna Maria Thomas requesting a use variance and variances from frontage and side yard requirements to allow construction of a proposed motor vehicle repair garage. (RR #2). Specifically, the application requested a variance of Appendix A Land Use Schedule of the Stamford Zoning Regulations to permit Item 109 Public Garages, to be maintained on the property which is in a C-B zone. (RR #2). A public garage is defined a "[a] building or part thereof, other than a private garage, used for the storage, care, or repair of motor vehicles for remuneration. . . ." (RR #20 Article II Section 3 A. 43). Also requested was a variance of Appendix B Schedule of Requirements for Area, Height and Bulk of Buildings, frontage and side yard, "to allow the proposed building to be constructed on property having a 36.0 foot frontage in lieu of the required 50.0 feet and zero southerly and northerly side yard in lieu of the required 6.0 feet." (RR #2). Third, the applicants requested approval of a Motor Vehicle General Repair's Permit to operate the proposed motor vehicle repair garage on the property located at 8 Lockwood Avenue. (RR #2). In their application the Thomases asserted that strict application of zoning regulations would produce a unique and undue hardship because "[t]he property when bought, was believed to be in the C-I zone and I was bought with the intention of using it as permitted under Definition 109." (RR #2). A C-I zone is an Intermediate Commercial District (RR #20 Zoning Regulations City of Stamford Article III Section 4A).
On September 27, 1989, the Board held a public hearing on the instant application. (RR #11 Notice published in the Advocate September 14 and 15, 1989 and corrected September 20, 1989). At the public hearing testimony was presented in support of and in opposition to the application. (RR #14 Transcript of the Zoning Board of Appeals September 27, 1989 Public hearing p. 1-24).
At an executive meeting of the Board on November 1, 1989, the application was approved by a vote of four (4) in favor and one (1) in opposition. (RR #15 Minutes of November 1, 1989 Board Meeting of the Zoning Board of Appeals). Notice of the Board's decision was published in the Advocate on November 16, 1989. (RR #19 Notice published in the Advocate on November 16, 1989). It is from this decision that the instant appeal arises.
Alber filed memoranda in support of his appeal and the Thomases filed memoranda in opposition. The Board adopted the CT Page 3147 Thomases' memoranda. At the December 12, 1990 court hearing, all counsel agreed to the submission of various deeds, a certificate of devise, and two maps as evidence marked defendant's exhibits A through L.
In order to take advantage of a statutory right to appeal from a decision of an administrative agency, there must be strict compliance with the statutory provisions which created that right. Simko v. Zoning Board of Appeals, 206 Conn. 374, 377
(1988). These provisions are mandatory and jurisdictional; failure to comply subjects the appeal to dismissal. Id. This appeal from the Zoning Board of Appeals decision is taken pursuant to Conn. Gen. Stat. 8-8 as amended by Conn. Pub. Acts No. 89-356, 1.
At the hearing regarding this appeal on December 12, 1990, attorneys for the plaintiff and defendants stipulated that Carl Alber, Trustee, owns 955 East Main Street, Stamford and that Konstantinos and Anna Maria Thomas own 8 Lockwood Avenue, Stamford. It was further stipulated that the parties owned the properties at the time of the Board's hearing, this court's hearing and that the properties are abutting. Based on these stipulated facts the court finds that plaintiff Carl J. Alber, Trustee, as an abutting landowner is statutorily aggrieved and is authorized to bring this action.
"[A]ny person aggrieved by any decision of a board may take an appeal to the superior court. . . . The appeal shall be taken within fifteen days from the date that notice of the decision was published. . . ." Conn. Gen. Stat. 8-8 (b) as amended by Conn. Pub. Acts No. 89-356, 1 (1989). Notice of the Board's decision was published on November 16, 1989. (RR #19). The Town Clerk, the Chairman of the Zoning Board of Appeals, Anna Maria Thomas and Konstantinos Thomas were all served on December 1, 1989, within the fifteen-day appeal period. Public Act 90-286 provides that appeals from municipal authorities such as the zoning board of appeals in which a decision was not yet rendered as of the date of its passage are to be considered timely if the defendants were served within the fifteen day special period. Conn. Pub. Acts 90-286, 1, 3, 9 (1990). According, the plaintiff's appeal is timely.
"Courts are not to substitute their judgment for that of the board. . . ." Whittaker v. Zoning Board of Appeals, 179 Conn. 650,654 (1980). "[T]he trial court reviews the record before the board to determine whether it has acted fairly or with proper motives or upon valid reasons." Adolphson v. Zoning Board of Appeals, 205 Conn. 703, 707 (1988). "Courts must not disturb the decision of a zoning [board] unless the party aggrieved by that decision establishes that the [board] acted CT Page 3148 arbitrarily or illegally." Stankiewicz v. Zoning Board of Appeals, 15 Conn. App. 729, 737 (1988), Aff'd., 211 Conn. 76
(1989). "The burden of proof to demonstrate that the board acted improperly is upon the plaintiffs." Adolphson,205 Conn. at 707.
Plaintiff argues that the Board "never addressed why strict application of the regulations would produce unique and undue hardship." (Plaintiff's Brief, April 16, 1990 at 2). Plaintiff argues that the Board's decision to grant the variances for the reason that "[t]o deny these variances would deny the applicants reasonable use of the property" fails to satisfy Conn. Gen. Stat. 8-7. Plaintiff concludes that the "boards `reasonable use' statement of its finding is neither an exceptional difficulty nor an unusual hardship." (Plaintiff's Brief, April 16, 1990 at 2).
Conn. Gen. Stat. 8-7 provides in pertinent part, that "[w]henever a zoning board of appeals grants or denies any. . .variance. . .it shall state upon its records the reason for its decision. . .and, when a variance is granted describe specifically the exceptional difficulty or unusual hardship on which its decision is based." Conn. Gen. Stat. 8-7 as amended by Conn. Pub. Acts No. 89-356, 13 (1989).
The Board's decision was stated as follows:
 To deny these variances would deny the applicants reasonable use of the property. Therefore, the Board grants a variance of Appendix A (Land Use Schedule, Item 109-Garages, Public) to Permit a public garage be maintained on the property, and a variance of Appendix B (Frontage Feet and Side Yard Requirements) to allow the proposed building to be constructed on property having a 36.0 foot frontage, with zero southerly and northerly side yards, resulting in zero total side yards. Also approved is a Motor Vehicle General Repairer's Permit to operate a repairer's business on this site. The applicants are allowed one year from the effective date of this decision in which to obtain a building permit.
"[I]t is desirable for the board to state its reasons for granting a variance. If it does not the court must search the record to attempt to find some basis for the action taken." Ward v. Zoning Board of Appeals, 153 Conn. 141, 144 (1965). "If the board fails to give the reasons for its actions or if its reasons are inadequate, the trial court must search the record to determine whether a basis exists for the action taken." Stankiewicz, 15 Conn. App. at 732, aff'd, 211 Conn. 76 (1989). CT Page 3149 The reason stated by the Board is too general, therefore the court must search the record to determine whether the denial of the applicants' reasonable use of the property is an exceptional difficulty or unusual hardship which supports the Board's action for granting the variances.
Plaintiff argues that there is no evidence of hardship in the record as required by Conn. Gen. Stat. 8-6. The Applicants' property is not affected by a topographical condition and there is no hardship as to lot shape. Plaintiff also argues that the stated hardship on the Thomases' application that "the property when bought, was believed to be in the C-I zone and was bought with the intention of using it as permitted under Definition 109 does not state an unusual hardship. Plaintiff further argues that the applicants' claimed hardship was self created and arose from their voluntary act when the applicants purchased the property. As applicants knew the property did not comply with the zoning restrictions, financial loss resulting therefrom is not a proper basis for a variance and, plaintiff argues, when the Board granted the application it acted without authority.
In order for a Zoning board of appeals to grant a variance under Conn. Gen. Stat. 8-6 (j) two conditions must be met: "`(1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the Zoning plan.'" Grillo v. Zoning Board of Appeals,206 Conn. 362, 368 (1988).
Plaintiff only argues that the unusual hardship requirement has not been met. Plaintiff makes no argument that the variances granted to the applicants will have an adverse affect upon Stamford's comprehensive zoning plan.
"[T]he power to grant variances must be exercised sparingly and only in exceptional and unusual instances." Krejpcio v. Zoning Board of Appeals, 152 Conn. 557, 661-62
(1965). "`Personal hardships, regardless of how compelling or how far beyond the control of the individual applicant, do not provide sufficient grounds for the granting of a variance."' Pollard v. Zoning Board of Appeals, 186 Conn. 32, 44 (1982); quoting, Garibaldi v. Zoning Board of Appeals, 163 Conn. 235,239-40 (1972). "It is well settled that the hardship must be different in kind from that generally affecting properties in the same zoning district, and must arise from circumstances or conditions beyond the control of the property owner." Smith v. Zoning Board of Appeals, 174 Conn. 323, 327 (1978). CT Page 3150
 Where the claimed hardship arises from the applicant's voluntary act. . ., a zoning board lacks the power to grant a variance. . . .(citations omitted). The hardship which justifies a board of zoning appeals in granting a variance must be one that originates in the zoning ordinance; (citations omitted) and arises directly out of the application of the ordinance to circumstances or conditions beyond the control of the party involved. (citations omitted). `[S]elf-inflicted or self-created hardship. . .is never considered proper grounds for a variance.' (citations omitted). [W]here the applicant or his predecessor creates a nonconformity, the board lacks power to grant a variance.' (citation omitted).
Pollard, 186 Conn. at 39-40. (emphasis supplied).
In their application for variances the Thomases claimed a specific hardship, that "[t]he property when bought, was believed to be in the C-I zone and was bought with the intention of using it as permitted under Definition 109." (RR #2). The applicant's attorney at the September 27, 1989 Board hearing stated that the reason they asked for the variances was because "this is a very small lot. . . . It's been in existence for quite a while. But unfortunately, it's only 36 feet wide." (RR #20 at 5).
 Our hardship is very simple. We bought a lot that was 36 feet wide. There are lots of them in Stamford. And we bought that lot because it was the only lot that we could buy. . . . The hardship is that in good faith, we did this. We made reasonable investigation. Our investigations were confirmed by me and by the Building Department when they issued this [building permit] and now we should not be told that we cannot use this property. There is a very significant hardship here.
(RR #20 at 21-22).
The evidence reveals only a personal hardship which arose from the applicants' voluntary act of purchasing a lot that they mistakenly believed to be in a different zone. Whether the Building Department or the applicants' attorney committed the error which resulted in the personal hardship, and not the applicants themselves, is not critical. See Pollard,186 Conn. at 41. (Hardship due to mistake of surveyor and not property owner was insufficient to justify variance). "Personal hardships, regardless of how compelling or how far beyond the control of the individual applicant, do not provide sufficient grounds for the granting of a variance." B.I.B. Associates v. Zoning Board of Appeals, 163 Conn. 615, 616 (1972). The CT Page 3151 hardship complained of was self-inflicted or self-created and the applicants cannot successfully offer the mistake of the Building Department or their attorney as the basis for granting the use variance.
Additionally, applicants argue that in the instant case, hardship was created by the enactment of the zoning ordinance and not the act of the owner. The applicants claim that the undersized lot has been in existence since the early 1900's and was rendered nonconforming by the enactment of a subsequent zoning ordinance. In plaintiff's brief, plaintiff argues that the applicants' predecessor in title created the nonconformity. Both the applicants and plaintiff support their positions by citing to the various documents that were stipulated to and submitted as evidence at the December 12, 1990 Superior Court hearing and marked defendant's Exhibits A through L. Neither of these arguments is supported by these exhibits or the record. Defendants' Exhibits I and J establish that when Herman F. Hofer bought the property in 1907 it was one lot. Map #6485 which is defendant's Exhibit K and part of the Thomases' application, (RR #2), shows the existence of the present 36 foot frontage lot in question. The earliest date on Map #6485 is December 13, 1955 when it was approved by the Stamford Planning Board for filing purposes. Defendants' Exhibit A through L and the return of record, however, fail to establish the date when the 36 foot frontage lot in question was created. The Stamford Zoning Regulations were adopted on November 30, 1951.
 Where the applicant or his predecessor creates a nonconformity, the board lacks power to grant a variance. Where, however, the hardship is created by the enactment of a zoning ordinance and the owner of the parcel could have sought a variance, a subsequent purchaser has the same right to seek a variance and, if his request is supported in law, to obtain the variance.
Kulak v. Zoning Board of Appeals, 184 Conn. 479, 482 (1981). There was no evidence before the Board and no evidence introduced at trial which establishes the date when the property was split creating the 36 foot frontage lot. Therefore, the court cannot determine whether the applicants, their predecessor of the enactment of the zoning ordinance created this hardship. Furthermore, because the record fails to disclose evidence of unusual hardship wrought by the strict application of the zoning regulations, the Board acted improperly in granting the area variance.
In the applicants' brief, they argue that "[t]o deny a property owner the "reasonable use" of his property is CT Page 3152 confiscatory and would necessarily and implicitly cause an "unusual hardship." "A confiscatory effect results when a zoning regulation practically destroys or greatly decreases the value of a specific piece of property." Stankiewicz,15 Conn. App. at 733. The record is devoid of any evidence to establish that the subject property has little or no value because of the zoning regulations concerning minimum frontage requirements. There was no evidence presented at the hearing that the lot was valueless if it could not be used as the applicants intended.
Thus, as previously discussed, the hardship, which applicants claim supports the granting of the use variance, was self-created and as such, is not proper grounds for a variance. Also, the record fails to demonstrate a hardshop such would support the granting of the area variance. Under these circumstances, the Board acted arbitrarily, illegally and in abuse of its discretion in granting the variances. Accordingly, the appeal is sustained.
SYLVESTER, J.