## ELIAS KALIMIAN, TRUSTEE *v.* ZONING BOARD OF APPEALS OF THE CITY OF NORWICH ET AL.
### (AC 20882)

Schaller, Dranginis and Flynn, Js.

Argued May 29—officially released September 18, 2001

*Bruce G. MacDermid*, for the appellant (plaintiff).

*Adam A. Laben*, with whom was *Ralph Bergman*, for the appellee (defendant Steven Brenneisen).

*Opinion*

FLYNN, J. The plaintiff appeals from the judgment of the trial court denying his appeal from the decision by the defendant zoning board of appeals of the city of Norwich (board), which granted the application by the

defendant Steven Brenneisen for a variance from two zoning regulations. On appeal, the plaintiff claims that the court improperly (1) concluded that the evidence in the record supported the board's finding that Brenneisen was entitled to a variance due to hardship and (2) imposed on the plaintiff the burden of proving that the record lacked a factual basis to support the finding of a hardship. We reverse the judgment of the trial court.

The following undisputed facts and procedural history are relevant to our resolution of the plaintiff's appeal. Brenneisen purchased property at 45 Church Street in Norwich. That property was conveyed to Brenneisen by quitclaim deed dated September 4, 1998. The property is in a neighborhood that is principally devoted to residential use. The Norwich zoning regulations do not permit manufacturing within that zone.

On September 14, 1998, Brenneisen applied to the board for a variance from § 9.4.1 (A) (1)[1] of the zoning regulations to permit him to conduct his manufacturing and assembly business on the property. He also sought a variance from § 9.4.3 of the regulations to allow for a waiver of the site plan requirement. The board unanimously approved Brenneisen's application and granted him a variance as to both sections of the regulations on the ground of hardship. The board did not state the reasons for its decisions on the record.

The plaintiff, the record owner of property across the street from Brenneisen's property, appealed to the Superior Court from the board's decision. The plaintiff argued that the board acted illegally, arbitrarily and in abuse of its discretion because it approved Brenneisen's variance application without enforcing the requirement

[1] The parties do not dispute that manufacturing is not permitted in the zone where the Church Street property is located. The return of record reflects that the following uses are permitted in that zone: Apartment house, warehouse, storage, sales office and museum.

for a site plan and without any evidence or finding of hardship in violation of General Statutes § 8-6.[2] After searching the record, the court determined that the record contained ample evidence of the hardship that Brenneisen would suffer if the board did not grant the variance. Further, the court found that the plaintiff failed to meet his burden of proving that the record lacked a factual basis to support a finding of hardship. Accordingly, the court denied the plaintiff's appeal. The plaintiff now appeals from the judgment of the trial court.

At the outset, we note our standard of review. "It is well settled that courts are not to substitute their judgment for that of the board, and that the decisions of local boards will not be disturbed as long as honest judgment has been reasonably and fairly made after a full hearing . . . ." (Internal quotation marks omitted.) *Jaser* v. *Zoning Board of Appeals*, 43 Conn. App. 545, 547, 684 A.2d 735 (1996). "Upon appeal, the trial court reviews the record before the board to determine whether it has acted fairly or with proper motives or

---

[2] General Statutes § 8-6 (a) provides in relevant part: "The zoning board of appeals shall have the following powers and duties: (1) To hear and decide appeals where it is alleged that there is an error in any order, requirement or decision made by the official charged with the enforcement of this chapter or any bylaw, ordinance or regulation adopted under the provisions of this chapter; (2) to hear and decide all matters including special exceptions and special exemptions under section 8-2g upon which it is required to pass by the specific terms of the zoning bylaw, ordinance or regulation; and (3) to determine and vary the application of the zoning bylaws, ordinances or regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured, provided that the zoning regulations may specify the extent to which uses shall not be permitted by variance in districts in which such uses are not otherwise allowed. . . ."

upon valid reasons. . . . We, in turn, review the action of the trial court." (Internal quotation marks omitted.) *Whittaker* v. *Zoning Board of Appeals*, 179 Conn. 650, 654, 427 A.2d 1346 (1980). "In light of the existence of a statutory right of appeal from the decisions of local zoning authorities, however, a court cannot take the view in every case that the discretion exercised by the local zoning authority must not be disturbed, for if it did the right of appeal would be empty . . . ." (Internal quotation marks omitted.) *Quality Sand & Gravel, Inc.* v. *Planning & Zoning Commission*, 55 Conn. App. 533, 537, 738 A.2d 1157 (1999).

The controlling issue on appeal is whether the court properly concluded that the board's decision to grant Brenneisen's application for a variance on the basis of hardship was not arbitrary, illegal or an abuse of discretion. The plaintiff argues that the board abused its discretion in granting Brenneisen a variance because an applicant's voluntary assumption of hardship cannot constitute grounds for a variance. We agree.

We begin our analysis with a review of the law pertaining to variances. "It is well established . . . that the granting of a variance must be reserved for unusual or exceptional circumstances." *Bloom* v. *Zoning Board of Appeals*, 233 Conn. 198, 206–207, 658 A.2d 559 (1995). Accordingly, § 8-6 (a) (3) authorizes a zoning board to grant a variance only when two conditions are met: "(1) the variance must be shown not to affect substantially the comprehensive zoning plan; and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan." (Internal quotation marks omitted.) *Mandanici* v. *Zoning Board of Appeals*, 50 Conn. App. 308, 311, 717 A.2d 287, cert. denied, 247 Conn. 935, 719 A.2d 1174 (1998).

Further, the "hardship must arise from . . . circumstances or conditions beyond the applicant's control."

(Internal quotation marks omitted.) Id. The zoning authority lacks the authority to grant a variance where the claimed hardship is due to some voluntary act of the owner of the property and, therefore, a self-created or voluntarily assumed hardship cannot serve as a valid basis for a variance. *Spencer* v. *Zoning Board of Appeals*, 15 Conn. App. 387, 389–90, 544 A.2d 676 (1988).

One specific type of voluntarily assumed hardship is embodied in what has been termed "the purchase with knowledge rule." R. Fuller, 9 Connecticut Practice Series: Land Use Law and Practice (2d Ed. 1999) § 9.4, p. 190. Under that rule, if a purchaser acquires property with knowledge of the applicable zoning regulations[3] and later attempts to use that property in a manner that is proscribed by the regulations, the purchaser is barred from obtaining a variance. See, e.g., *Abel* v. *Zoning Board of Appeals*, 172 Conn. 286, 289–91, 374 A.2d 227 (1977) (where applicant knew at time of purchase that zoning regulations prohibited constructing house on lot of that size and that lot was subject to other restrictions, applicant could not later successfully claim zoning regulations were unjust as applied to him); *Devaney* v. *Board of Zoning Appeals*, 132 Conn. 537, 544, 45 A.2d 828 (1946) (where applicant bought property with knowledge that use of property as restaurant was prohibited by zoning regulations, board was without authority to grant variance); *Mandanici* v. *Zoning Board of Appeals*, supra, 50 Conn. App. 311–12 (where plaintiff purchased property knowing that use as gasoline station was prohibited in that zone, trial court improperly ordered board to grant variance).

In the present case, by virtue of the zoning regulations in effect, Brenneisen was charged with notice of the

---

[3] A purchaser of real property is charged with knowledge of the zoning regulations that apply to that property. *M & L Homes, Inc.* v. *Zoning & Planning Commission*, 187 Conn. 232, 244–45, 445 A.2d 591 (1982); *B.I.B. Associates* v. *Zoning Board of Appeals*, 163 Conn. 615, 616–17, 316 A.2d 414 (1972).

fact that he was purchasing property that was not permitted to be used for manufacturing purposes. Despite that knowledge, Brenneisen proceeded with the purchase and then, within a matter of weeks, sought a variance from the regulations to allow him to use the property in the very manner that the regulations prohibited. "He cannot now be heard to complain that the zoning regulations are unjust." *Abel* v. *Zoning Board of Appeals*, supra, 172 Conn. 291. Further, hardship that justifies a zoning board's decision to grant a variance must arise from the ordinance itself, rather than from the subjective choices of the applicant. *Kaeser* v. *Zoning Board of Appeals*, 218 Conn. 438, 445, 589 A.2d 1229 (1991). Brenneisen made a conscious choice to purchase the property knowing that he could not use it for manufacturing purposes. We are bound by precedent in holding that any hardship Brenneisen suffered as a result of being unable to use that property as he had hoped arises not from the application of the ordinance to the property but, instead, from his own conscious decision to purchase the property despite the known prohibition. See *Devaney* v. *Board of Zoning Appeals*, supra, 132 Conn. 544; *Mandanici* v. *Zoning Board of Appeals*, supra, 50 Conn. App. 311–12. Such voluntary conduct on the part of Brenneisen falls squarely within the purchase with knowledge rule and, therefore, does not constitute ground for a variance.

We conclude that the court improperly determined that the decision of the board was supported by evidence in the record because the board did not have authority in the first instance to grant a variance due to hardship that Brenneisen had voluntarily assumed. Given our resolution of this claim, we need not address the plaintiff's remaining claim.

The judgment is reversed and the case is remanded with direction to render judgment sustaining the plaintiff's appeal.

In this opinion the other judges concurred.