[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Scott Tiefenthaler, filed with this court an administrative or record appeal of a decision by the Zoning Board of Appeals (board), of the town of Westport, hereinafter referred to as the defendant. In that decision, the defendant board denied the plaintiff's application (#5812) for several variances of the requirements of the Westport Zoning Regulations (regulations) pertaining to the location of a CT Page 13709 free-standing sign.
The plaintiff is the lessee of property located at 791 Post Road East, Westport, in the General Business District zone (GBD), on which he operates a car wash under the name of Westport Wash Wax. Because of a previous realignment of a nearby intersection, a landscaped or planting island owned by the town of Westport was created in front of the plaintiff's business. This island, which includes a sidewalk, is situated between the subject premises and the Post Road, and is about 25 feet wide. Hence, the plaintiff's car wash building is set back from Route #1 by this 25 feet, plus another 30 feet back from the front properly line itself, as required by the regulations for this zone, for a total setback of approximately 55 feet.[1]
The plaintiff contends that he is at a competitive disadvantage with other businesses along the Post Road because any free-standing sign that he is permitted to erect will be about 40 feet back from the highway and not readily visible to drivers proceeding along the Post Road. The plaintiff also claims that his situation is unique in that his is the only business that has a town-owned planting island in front of it whose width affects the location of a free-standing sign.
The plaintiff applied for three variances from the regulations. The first variance pertains to the regulation which requires that a free-standing sign be placed on the same property on which the business is located,[2] and the plaintiff sought a variance in order to erect a sign on town property. The second variance pertains to street frontage, in that the subject premises are very slightly, perhaps two inches at most, under the minimum requirement.[3] Thirdly, the plaintiff sought a variance of the regulation requiring that a free-standing sign be 15 feet back from the property line.[4] The plaintiff proposed to erect a free-standing sign on the town-owned planting strip, which is located in front of the property line. The return of record reflects that the plaintiff received all the requisite municipal approvals for such sign, but that these approvals were subject to the zoning regulations.
The defendant board held a public hearing on August 8, 2000. In a decision dated August 10, 2000, it denied the application for variances by a four to one vote stating that: "This variance was denied because no hardship was proven. "[5]
The plaintiff then appealed to this court, pursuant to General Statutes § 8-8 (b). In his amended complaint dated September 8, 2000, the plaintiff alleges, among other things, that the location of his car wash business so far back from the Post Road constitutes a hardship by denying his business the same "visibility" enjoyed by "all other businesses in CT Page 13710 the GBD on U.S.1." The plaintiff also contends that, under usual circumstances, a free-standing sign on the subject premises would be set back from the front property line by only 15 feet, but in his case, such a sign would be located 40 feet back from the highway, Post Road East, because of the town-owned planting strip, and hence less visible than if the demised premises did not have this island in front of it.
At a hearing held by this court on June 27, 2001, the plaintiff was found to be aggrieved pursuant to General Statutes § 8-8 (a)(1). Whether a party is aggrieved depends on a two-part test: "(1) does the allegedly aggrieved party have a specific, personal and legal interest in the subject matter of a decision; and (2) has this interest been specially and injuriously affected by the decision." Gladysz v. Planning Zoning Commission, 256 Conn. 249, 256, 773 A.2d 300 (2001). Although the defendant did not challenge the status of the plaintiff as an aggrieved person, the lease between the plaintiff and the owner of the property has been examined in the light of Primerica v. Planning Zoning Commission,211 Conn. 85, 93-95, 558 A.2d 646 (1989),[6] to determine whether the plaintiff, as a non-owner of the subject premises, had a specific and personal interest in the subject matter of the requested variances, and whether such interest had been injuriously affected by the defendant's decision. The plaintiff passed these two tests and hence is aggrieved for the purpose of pursuing this appeal.
Under General Statutes § 8-6 (a)(3), a zoning board of appeals may "vary the application of the zoning . . . regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such. regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured."
Section 46-3.2 of the Westport zoning regulations contains criteria for granting variances which are similar to General Statutes § 8-6 (a) (3), viz., a variance is permitted "solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such zoning regulations would result in exceptional difficulty or unusual hardship, so that substantial justice will be done and public safety and welfare secured."
The Supreme Court, in Reid v. Zoning Board of Appeals, 235 Conn. 850,670 A.2d 1271 (1996), reviewed the law pertaining to variances, which it described as well settled." Id., 856. "A variance is authority granted to CT Page 13711 the owner to use his property in a manner forbidden by the zoning regulations. . . . The power of the board to grant a variance should be used only where a situation falls fully within the specified requirements. . . . Thus, the power to grant a variance should be sparingly exercised. . . . An applicant for a variance must show that, because of some peculiar characteristic of his property, the strict application of the zoning regulation produces an unusual hardship, as opposed to the general impact which the regulation has on other properties in the zone . . . Variances cannot be personal in nature, and may be based only upon property conditions. . . . In fact, we have stated that [p]ersonal hardships, regardless of how compelling or how far beyond the control of the individual applicant, do not provide sufficient grounds for the granting of a variance. "(Citations omitted; internal quotation marks omitted.) Id., 857.
The issue in this appeal is whether the defendant board, in denying the application for variances, acted "arbitrarily, illegally or unreasonably."Wnuk v. Zoning Board of Appeals, 225 Conn. 691, 695-96, 626 A.2d 698
(1993). As to this court's standard of review, it was held in Jaser v.Zoning Board of Appeals, 43 Conn. App. 545, 684 A.2d 545 (1996), that "[i]t is well settled that courts are not to substitute their judgment for that of the board, and that the decisions of local boards will not be disturbed as long as honest judgment has been reasonably and fairly made after a full hearing . . . as the credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency. . . . The court's function is to determine on the basis of the record whether substantial evidence has been presented to the board to support its findings. . . . [E]vidence is sufficient to sustain an agency finding if it affords a substantial basis of fact from which the fact in issue can be reasonably inferred." (Citations omitted; internal quotations omitted.) Id., 547-48.
The phrase "substantial" basis or evidence was defined in Rackowski v.Zoning Commission, 53 Conn. App. 636, 733 A.2d 862, cert. denied,250 Conn. 921, 738 A.2d 658 (1999), as "that which carries conviction. It is such evidence as a reasonable mind might accept as adequate to support a conclusion. It means something more that a mere scintilla and must do more than create a suspicion of the existence of the fact to be established. Such evidence exists if the administrative record affords a substantial basis of fact from which the fact in issue can be reasonably inferred." (Citations omitted; internal quotations omitted.) Id., 641-42.
It is also axiomatic that a plaintiff has the burden of proving that a zoning board of appeals has acted illegally, arbitrarily or in abuse of its discretion. Pleasant View Farms Development, Inc. v. Zoning Board ofCT Page 13712Appeals, 218 Conn. 265, 269-70, 586 A.2d 1372 (1991). Moreover, if any one of the reasons advanced by an agency is sufficient to support its denial of a variance, then its decision must be upheld. Sakson Nursery, Inc. v.Planning and Zoning Board of Appeals, 30 Conn. App. 627, 629-30,621 A.2d 768, cert. denied, 226 Conn. 908, 625 A.2d 1379 (1993).
It is also well recognized, however, that: "[i]n light of the existence of a statutory right of appeal from the decisions of local zoning authorities . . . a court cannot take the view in every case that the discretion exercised by the local zoning authority must not be disturbed, for if it did the right of appeal would be empty . . . QualitySand Gravel, Inc. v. Planning Zoning Commission, 55 Conn. App. 533,537, 738 A.2d 1157 (1999).
The court finds that in this case, a variance would not have been justified because any hardship the plaintiff now has in terms of his inability to advertise his car wash business as effectively as he would prefer is self-inflicted. The plaintiff entered into a lease of the subject premises knowing that he did not have the right to erect a free-standing sign on the town-owned strip of land in front of his business, without first obtaining variances of the regulations regarding such signs. The record indicates that the plaintiff entered into a lease with the owner on April 3, 1998, at which time the present regulations regarding signs were in existence. Moreover, in section 14 of the lease, it was agreed that any signs erected by the plaintiff must not be "in violation of the requirements of the Westport Zoning Regulations relating to signs."
"Where the claimed hardship arises from the applicant's voluntary act . . . a zoning board lacks the power to grant a variance. . . . The hardship which justifies a board of zoning appeals in granting a variance must be one that originates in the zoning ordinance . . . and arises directly out of the application of the ordinance to circumstances or conditions beyond the control of the party involved. . . . [S]elf — inflicted or self-created hardship . . . is never considered proper grounds for a variance." (Citations omitted; emphasis deleted; internal quotation marks omitted.) Pollard v. Zoning Board of Appeals,186 Conn. 32, 39-40, 438 A.2d 1186 (1982).
This same axiom was recently expanded upon by the Appellate Court inKalimian v. Zoning Board of Appeals, 65 Conn. App. 628, ___ A.2d — (2001), when it discussed the doctrine of a "voluntarily assumed hardship." Id., 632. The court held that the application for a variance in that case should have been denied because: "any hardship [the applicant] suffered as a result of being unable to use that property as he had hoped arises not from the application of the ordinance to the CT Page 13713 property but, instead, from his own conscious decision to purchase the property despite the known prohibition." Id., 633.
Moreover, the transcript indicates that members of the defendant board determined, as a factual matter, that a free-standing sign 15 feet back from the front property line could effectively advertise the plaintiff's car wash business.[7] This factual finding cannot be disregarded by the court. Conetta v. Zoning Board of Appeals, 42 Conn. App. 133, 137-38,677 A.2d 987 (1996).
The defendant makes another good point when it argues that the underlying basis for the plaintiff's application was his desire to improve his business. The plaintiff may well be correct that a sign on the planting island in front of his business would attract more customers. Notwithstanding, "[p]ersonal hardships, regardless of how compelling or how far beyond the control of the individual applicant, do not provide sufficient grounds for the granting of a variance." Reid v.Zoning Board of Appeals, supra, 235 Conn. 857.
Finally, the return of record quotes certain remarks of board members in the work session after the public hearing which indicate that a number of properties have town or state-owned strips of land in front of their businesses, so that plaintiff's situation cannot be regarded as unique.[8]
Based on the foregoing, the plaintiff's appeal is dismissed. Costs are to be taxed by the chief clerk of this court in favor of the defendant board in accordance with General Statutes § 52-257 and Practice Book § 18-5.
So Ordered.
Dated at Stamford, Connecticut, this 2nd day of October, 2001
William B. Lewis, Judge T.R.