[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 13629
This is an appeal by the plaintiff, Priscilla Csady, Trustee of the Priscilla Csady Revocable Trust, from the action of the defendant, Zoning Board of Appeals of the Town of North Stonington (hereinafter the "Board") in granting an application for a variance in favor of Bernhard Hoddersen and Catherine H. Hodderson (hereinafter "defendants"). For reasons hereinafter stated, the decision of the Board is reversed.
Plaintiff has appealed under the provisions of Connecticut General Statutes § 8-8 (b), which provides in pertinent part, that: "Any person aggrieved by any decision of a board may appeal to the Superior Court. . . ." To establish aggrievement required by statute so as to be entitled to appeal a zoning board's decision, a party must allege facts which if proven would constitute aggrievement as a matter of law and prove the truth of such factual allegations. Jolly, Inc. v. Zoning Boardof Appeals, 237 Conn. 184 (1996).
Here, plaintiff has properly alleged aggrievement. The evidence indicates that on April 25, 2000, plaintiff; under the name Priscilla A. Lewis, conveyed to herself as Priscilla A. Csady, Trustee of the Priscilla A. Csady Living Trust, certain real property in the Town of North Stonington, Connecticut. Plaintiff in such capacity still holds title to this property. It is further found from the evidence that the property acquired by plaintiff abuts real property in the Town of North Stonington which was the subject of the variance granted to the defendants. It is therefore found that under the provisions of General Statutes § 8-8 (a)(1) plaintiff is an aggrieved person and has standing to prosecute this appeal.
All public notices concerning this matter appear to have been properly published and no jurisdictional defects have been noted at any stage of the proceedings.
The record indicates that on July 6, 2000, defendants filed with the Board an application for a variance for real property at 130 Boombridge Road in the Town of North Stonington. The application sought a variance from the application of § 502.2 of the North Stonington zoning regulations concerning the building lot square requirement.[1]
According to the application, defendants proposed to build a house on the property in question. Section C of the application requires the applicant to state the grounds for the variance and informs the applicant "If a hardship is claimed, please state how the zoning regulations have caused this hardship." In setting forth their grounds for the variance, defendants stated as follows:
CT Page 13630 "We've been paying taxes for 4 building lots since 1972. Now we're told we only have 2 lots. One lot is two acres but does not meet the square or rectangle of 25,600 sq. feet in area"
The application was scheduled for a public hearing on August 8th, 2000 and legal notices were published. Because abutting property owners were not notified of the application, the hearing was continued to a meeting to be held on September 12, 2000.
On that date, September 12, 2000, the public hearing was held. Defendants appeared at the hearing and presented their case to the Board and statements in opposition were heard. At the conclusion of the public hearing, without stating its reasons, the Board voted to grant the application for a variance. Notice of this decision was properly published and this appeal followed.
All notices required by law have been properly given and timely published. No questions concerning jurisdiction have been raised.
In considering the issues raised in this appeal, the scope of judicial review is limited. Horn v. Zoning Board of Appeals, 18 Conn. App. 674,676 (1989). The authority of the court is limited by § 8-8 to a review of the proceedings before the Board. The function of the court in such a review is to determine whether the Board acted fairly or on valid reasons with the proper motives. Willard v. Zoning Board of Appeals,152 Conn. 247, 248-49 (1964). The court is limited to determining whether the record reasonably supports the conclusions reached by the Board.Burnham v. Planning and Zoning Commission, 189 Conn. 261, 265 (1983). The court cannot substitute its discretion for the liberal discretion conferred by the legislature on the Board. The court is limited to granting relief only when it can be shown that the board acted arbitrarily or illegally and consequently has abused its statutory authority. Gordon v. Zoning Board, 145 Conn. 597, 604 (1958). The burden rests with the plaintiff to prove the impropriety of the Board's actions. Burnham, supra, 189 Conn. 266.
It is not the function of the court to rehear the matter or question wisdom of the defendant Board in taking the action which it did. The court is limited to determining whether or not the Board's action can be supported under the law.
Here, the applicants requested that the Board grant a variance from the strict application of certain sections of the zoning regulations. A variance constitutes permission for a party to use their property in a manner otherwise prohibited by the zoning regulations. For these CT Page 13631 reasons, the granting of a variance is generally reserved for unusual or exceptional circumstances. Bloom v. Zoning Board of Appeals, 233 Conn. 198,206 (1995).
Defendant Board derives its authority to vary the application of the zoning regulations from the provisions of General Statutes § 8-6 (3) and § 207 of the North Stonington zoning regulations. The statute establishes two basic conditions which must be met for the granting of a variance are (1) the variance must be shown not to affect substantially the comprehensive zoning plan; and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. Grillo v.Zoning Board of Appeals, 206 Conn. 362, 368 (1988).
An applicant for a variance must show that, because of some peculiar characteristic of its property, the strict application of the zoning regulation produces an unusual hardship as opposed to the general import which the regulation has on other properties in the zone. Dolan v. ZoningBoard of Appeals, 156 Conn. 426, 429 (1968).
Connecticut General Statutes § 8-7 provides that whenever a zoning board of appeals grants a variance, it shall state upon its record the reason for its decision, and when a variance is granted, describe specifically the exceptional difficulty or unusual hardship on which its decision is based.
In this case, the Board failed to state upon the record the reasons for its decision. Where the Board fails to state the reasons for its action on the record as required by statute, the court must search the record to attempt to find some basis for the action taken. Grillo v. Zoning Boardof Appeals, 206 Conn. 362, 369 (1988).
A review of the record indicates that defendants acquired the property which consists of 7.7 acres as a single tract in 1972. The property is located in Zones R.80 and R.60, both of which allow single-family residences. Defendants constructed one such residence on the property. Subsequently, defendants filed with the North Stonington Planning 
Zoning Commission an application for a three-lot subdivision. This application was denied by the Planning Zoning Commission because one of the lots laid out in the proposed subdivision plan was not in compliance with § 502.2 of the regulations. Defendants were informed that a two-lot subdivision could be approved under the regulations.
Upon being informed that if a variance could be obtained from the application of § 502.2, the three-lot subdivision could be granted, plaintiffs applied for the variance which is the subject of this appeal. CT Page 13632
The authority of the Board to grant variances is limited by the provisions of Connecticut General Statutes § 8-6 (3), which states in pertinent part:
 (3) to determine and vary the application of the zoning bylaws, ordinances or regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured. . . .
A review of the transcript of the public hearing fails to disclose any evidence of legal hardship arising from the zoning regulations especially affecting defendants' property. The only claim of hardship raised by defendants was that concerning taxes contained in the application for the variance. There was considerable discussion concerning defendants' negotiations with plaintiff over additional land and some members of the Board's concern with § 502.2. Arguments concerning the unsuitability of § 502.2 to land conditions in New England would more properly be addressed to the promulgators of the ordinance and not to those empowered to grant variances. Ward v. Zoning Board of Appeals 153 Conn. 141, 145
(1965).
In their brief; defendants claim that the record does contain evidence of hardship due to the configuration of the lot as shown on the subdivision plan. The difficulty with this argument is that there is no such lot or subdivision. There is a 7.7 acre parcel of land with a single house. In this, the situation differs remarkably from that found inStillman v. Zoning Board of Appeals, 25 Conn. App. 637 (1991).
Defendants have made a conscious decision to subdivide their property into three lots knowing that it could not comply with the zoning regulations. Any hardship suffered as a result of being unable to use the property as they had hoped arises not from the application of the zoning regulations to the property, but instead from the conscious decision to subdivide the property despite knowing the prohibition. Kalimian v.Zoning Board of Appeals, 65 Conn. App. 628, 633. CT Page 13633
"The hardship which justifies a board of appeals in granting a variance must be one that originates in the zoning ordinance . . . and arises directly out of the application of the ordinance to circumstances or conditions beyond the control of the party involved." Kaesar v. ZoningBoard of Appeals, 218 Conn. 438, 445 (1991).
Where the claimed hardship arises, as here, from the defendants' voluntary act the Board lacks the power to grant a variance. Id.
A review of the record fails to disclose substantial evidence of hardship which would support the granting of the variance. It must then be concluded that in granting the variance the Board exceeded its authority under the statute.
Accordingly, the decision of the Board is reversed and the appeal is sustained.
Joseph J. Purtill Judge Trial Referee