[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Denise Moore and Curtis Moore, have taken this appeal from a decision of the defendant, Milford Zoning Board of Appeals, denying their application for a variance.
The plaintiff, Denise Moore, is the owner of real property located at 22. Elder Street, Milford, Connecticut. (Plaintiffs' Exhibit 1.) Denise Moore is also the owner of abutting real property located at 139 Rogers Avenue. The Elder Street property abuts the rear boundary line of the Rogers Avenue property. The plaintiff, Curtis Moore, is Denise Moore's husband and an occupant of the properties.
The Rogers Avenue property consists of a lot with an historic residential building thereon.[1] The Elder Street property is identical in size to the Rogers Avenue property. Both lots were created prior to the enactment of the Zoning regulations and, therefore, do not meet CT Page 4626 minimum area and dimensional requirements.[2] (ROR, Item q, p. 1.)
In 1994, the plaintiffs applied to the Milford planning board for permission to build an addition onto the residential building located on the Rogers Avenue property and a three car garage and workshop located on the Elder Street property. (ROR, Item q, p. 8.) Since the zoning regulations prohibit the use of an accessory building (such as a garage) if there is no principal building on that same lot, the plaintiffs were given the building permit on the condition that the garage be connected to the house located on the Rogers Avenue property. (ROR, Item q, pp. 8-9.) Thereafter, the plaintiffs built an addition onto the house on the Rogers Avenue property and a garage on the Elder Street property. (ROR, Item q, pp. 10-11.)
Subsequently, on December 15, 2000, the plaintiffs filed an application for a variance. The plaintiffs sought to reduce the required lot size of 7,500 to 5,405 square feet and to "divide thru lot from Rogers Ave. [to] Elder St."[3] (ROR, Item d.) On February 13, 2001, a public hearing was held and the defendant denied the plaintiffs' application for a variance because the plaintiffs did "not establish a sufficient hardship" and because the variance "would be abusive and contrary to the comprehensive plan and incompatible with the neighborhood." (ROR, Item z., pp. 1-2.) In addition, the defendant denied the request for variance because the prior zoning approval for construction was conditioned upon the two lots being "considered one property." (ROR, Item z., p. 2.)
The plaintiffs filed an appeal with this court.[4]
General Statutes § 8-8 governs an appeal from a decision of a zoning board of appeals to the superior court. "A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." (Internal quotation marks omitted.) Bridgeport Bowl-O-Rama v. Zoning Board of Appeals, 195 Conn. 276,283, 487 A.2d 559 (1985).
"[P]leading and proof of aggrievement are prerequisites to the trial court's jurisdiction over the subject matter of a plaintiff's appeal."Jolly, Inc. v. Zoning Board of Appeals, 237 Conn. 184, 192, 676 A.2d 831
(1996). General Statutes § 8-8 (a)(1) provides, in part, "`[a]ggrieved person' means a person aggrieved by a decision of a board. . . ." An owner of the subject property is an aggrieved party.Winchester Woods Associates v. Planning Zoning Commission,219 Conn. 303, 308, 592 A.2d 953 (1991).
To determine if a nonowner of land is an aggrieved party for purposes of an appeal, the courts look at a variety of factors including CT Page 4627 "[w]hether the applicant is in control of the property, whether he is in possession or has a present or future right to possession, whether the use applied for is consistent with the applicant's interest in the property, and the extent of the interest of other persons in the same property. . . ." Richards v. Planning Zoning Commission,170 Conn. 318, 323-24, 365 A.2d 1130 (1976).
In the present appeal, Denise Moore alleges that she is statutorily aggrieved because she is the owner of the premises, and the record contains a quitclaim deed referencing the subject property. (Plaintiffs' Exhibit 1, Deed; 2/26/01 Appeal, ¶ 13.) Curtis Moore alleges that he is also statutorily aggrieved because he is both an occupant of the premises and the applicant for the variance. (2/26/01 Appeal, ¶ 13.) Accordingly, the plaintiffs have met the statutory requirement of aggrievement.
"The standard of review on appeal from a zoning board's decision to grant or deny a variance is well established." Bloom v. Zoning Board ofAppeals, 233 Conn. 198, 205, 658 A.2d 559 (1995). "The trial court's function is to determine on the basis of the record whether substantial evidence has been presented to the board to support the board's findings. . . . Evidence is sufficient to sustain an agency finding if it affords a substantial basis of fact from which the fact in issue can be reasonably inferred. . . . Where the board states its reasons on the record [the court] look[s] no further. . . . Where, however, the board has not articulated the reasons for its actions, the court must search the entire record to find a basis for the board's decision. . . ." (Citations omitted; internal quotation marks omitted.) Stancuna v. ZoningBoard of Appeals, 66 Conn. App. 565, 568, ___ A.2d ___ (2001). The trial court must determine "whether [the board] has acted fairly or with proper motives or upon valid reasons. . . ." (Citation omitted; internal quotation marks omitted.) Bloom v. Zoning Board of Appeals, supra,233 Conn. 206.
The defendant denied the variance because the plaintiffs failed to establish "a sufficient hardship" and granting the variance "would be abusive and contrary to the comprehensive plan and incompatible with the neighborhood." (ROR, Item z., pp. 1-2.) In addition, the defendant denied the variance because a prior zoning approval allowing construction on both lots "was granted based upon the consideration of the two properties being considered one." (ROR, Item z, p. 1.)
The plaintiffs appeal the defendant's decision on the following grounds: (1) that the defendant's decision ignored the evidence of the plaintiffs' hardship and (2) that the two lots are legally nonconforming lots.[5]
CT Page 4628
In opposition, the defendant argues that it denied the plaintiffs' application for a variance because the plaintiffs failed to prove a legal hardship. The defendant argues that the plaintiffs' actions caused the merger of the two lots and resulted in the abandonment of a nonconforming status. As a result, the plaintiffs' need for a variance became personal to the plaintiffs and, therefore, negated the existence of any legal hardship.
The plaintiffs argue that a variance should have been granted because the lots are two separate nonconforming lots. The defendant, however, argues that it properly found that the plaintiffs merged the two lots and, therefore, the plaintiffs abandoned the nonconforming status of the lots.
"In the absence of a change in the zoning provisions, merger is determined by a party's intent to treat multiple lots as a single property." Laurel Beach Assn. v. Zoning Board of Appeals, 66 Conn. App. 640,653, ___ A.2d ___ (2001). "Once merged, the lots form one lot that meets or more closely approximates the zoning requirements and the separate lots lose their exception for nonconformance." (Internal quotation marks omitted.) Id. "[T]he merged lot cannot be redivided." Id., 655. "At the municipality level, only the zoning board of appeals has the authority to determine whether merger has occurred." Id.
In the present case, the plaintiff, Curtis Moore, testified that his intent was "to have and keep these as separate lots so that they would be saleable lots in the future." (ROR, Item y, p. 12.) According to the testimony of the assistant city planner, the plaintiffs were given permission to build, on 21 Elder Street, a three car garage with a workshop above the garage on the condition that the garage be connected, either by a trellis or a hallway, to the house on the Rogers Avenue property.[6] (ROR, Item y, pp. 9-10.)
The record discloses that the defendant's reason for denying the variance was because the construction permit in 1994 was conditioned on the two properties merging, and the plaintiffs' subsequent request to allow the Elder Street property to be considered a separate undersized lot would be contrary to the zoning approval in 1994. (ROR, Item z., p. 1.) The plaintiff, Curtis Moore, admitted in his testimony that the permit had been given on the condition that the two properties be connected.[7] (ROR, Item y, p. 7.)
The plaintiffs also argue that § 6.4.2 of the Milford zoning regulations does not compel the conclusion that the properties were merged. The defendant argues that, under § 6.4.2, the plaintiffs CT Page 4629 merged the two properties in 1994.
Section 6.4.2 deals with use of nonconforming lots.[8] Specifically, subsections (3A) and (3B) list factors which may be indicative of a merger. As discussed above, the plaintiffs were issued a building permit in 1994 on the condition that the two lots be considered one property. As a result, under § 6.4.2 (3A), the two lots merged because they were "utilized in conjunction with adjacent property." Furthermore, the fact that the plaintiffs used the 21 Elder Street lot to provide parking for the Rogers Avenue property and that a garage was built on the Elder Street property is also indicative of merger.[9]
Finally, with respect to the issue of merger, the plaintiffs argue that "since the addition to the existing dwelling on the Rogers Avenue [p]roperty was constructed in 1994, it is now protected by the provisions of . . . General Statutes [§] 8-13a (a) which grants to structures legally existing nonconforming status if they have existed for a period of three years without enforcement action being taken." (Plaintiffs' Brief, p. 23.) In Opposition, the defendant argues that when the plaintiffs built the addition to the Rogers Avenue property, the addition was not in violation of the zoning regulations because the two properties had already been merged and, therefore, § 8-13a (a) is inapplicable.
Section 8-13a (a) provides in pertinent part that "[w]hen a building is so situated on a lot that it violates a zoning regulation . . . and when such building has been so situated for three years without the institution of an action to enforce such regulation, such building shall be deemed a nonconforming building in relation to such boundaries or to the area of such lot."
In the present case, the record reflects that the addition was built after the plaintiffs obtained approval which was conditioned on the two properties being merged. (ROR, Item y, pp. 9-10.) As a result, § 8-13a
(a) is inapplicable because the nonconforming status of the lots was abandoned in 1994 when the plaintiffs merged the two lots.
The plaintiffs appeal is also based on the ground that they are entitled to a variance because of a legal hardship. The plaintiffs argue that their hardship arises out of the application of the regulations to their properties. The defendant argues that any hardship suffered by the plaintiffs was self-created and does not justify the granting of a variance.
General Statutes § 8-6 (a)(3) provides in part that the zoning board of appeals has the power "to determine and vary the application of the zoning bylaws, ordinances or regulations in harmony with their CT Page 4630 general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values . . ."
"A variance is authority granted to the owner to use his property in a manner forbidden by the zoning regulations." (Internal quotation marks omitted.) Reid v. Zoning Board of Appeals, 235 Conn. 850. 857,670 A.2d 1271 (1996). "An applicant for a variance must show that, because of some peculiar characteristic of his property, the strict application of the zoning regulation produces an unusual hardship, as opposed to the general impact which the regulation has on other properties in the zone. . . ." (Citation omitted; internal quotation marks omitted.) Id.
"Variances cannot be personal in nature, and may be based only upon property conditions." Id. "[P]ersonal hardships, regardless of how compelling or how far beyond the control of the individual applicant, do not provide sufficient grounds for the granting of a variance. . . ." (Citation omitted; internal quotation marks omitted.) Id. Our Supreme Court has stated that "[p]roof of exceptional difficulty or unusual hardship is absolutely necessary as a condition precedent to the granting of a zoning variance." Bloom v. Zoning Board of Appeals, supra,233 Conn. 207-08. "The zoning authority lacks the authority to grant a variance where the claimed hardship is due to some voluntary act of the owner of the property and, therefore, a self-created or voluntarily assumed hardship cannot serve as a valid basis for a variance." Kalimianv. Zoning Board of Appeals, 65 Conn. App. 628, 632, 783 A.2d 506, cert. denied, 258 Conn. 936, 785 A.2d 230 (2001)
"A hardship resulting from the peculiar topography or condition of the land or a particular location which makes the property unsuitable for the use permitted in the zone in which it lies may well be such a hardship as is contemplated by the ordinance." (Internal quotation marks omitted.)Fiorilla v. Zoning Board of Appeals, 144 Conn. 275, 280, 129 A.2d 619
(1957)
In addition to establishing that a zoning ordinance has created a legal hardship, it must also be shown that a variance will not "affect substantially the comprehensive zoning plan. ." Grillo v. Zoning Board ofAppeals, 206 Conn. 362, 368, 537 A.2d 1030 (1988).
The plaintiffs argue that a legal hardship exists because of the unique topography of the property and that the defendant's decision ignored the evidence of the plaintiffs' hardship. Specifically, the plaintiffs claim that "the Rogers Avenue [p]roperty's narrow frontage on Rogers Avenue, the steeply sloping topography, its lack of alternative areas to provide parking, the location of the existing historic home, the undersized lot CT Page 4631 are[a] of these Preexisting non-conforming lots and the technical requirements of the [r]egulations themselves prevented the [p]laintiffs from utilizing the Rogers Avenue [p]roperty and the Elder Street [p]roperty for the uses allowed under the [r]egulations." (Plaintiffs' Brief, pp. 13-14.) The plaintiffs argue that their hardship arises directly out of the application of the regulations to the two properties and, therefore, the defendant should have granted their application for a variance because the two lots are nonconforming.
As previously noted, however, the record demonstrates that the two lots merged as a result of the plaintiffs' actions in 1994. (ROR, Item y, p. 10.) The record indicates that the plaintiffs were issued a permit to build an addition on the Rogers Avenue lot and a garage and workshop on the Elder Street lot on the condition that the two lots be connected. (ROR, Item q, pp. 8-9.) Contrary to the plaintiffs' argument that their hardship "arises directly out of the application of the [r]egulations to the Rogers Avenue [p]roperty and the Elder Street [p]roperty"; (Plaintiffs' Brief, p. 14); the two properties lost their nonconforming status as a result of the plaintiffs' actions and, therefore, any hardship that may exist is personal to the plaintiffs and not a legal hardship.
The plaintiffs have also failed to establish that the requested variance would not substantially affect the comprehensive zoning plan of the neighborhood. The only evidence offered by the plaintiffs was Curtis Moore's testimony that he "[doesn't] think it's out of context [with] the neighborhood." (ROR, Item y, p. 13.) The defendant concluded that the variance should be denied because granting the variance would "create problems with respect to setbacks, parking and lot size which is clearly against the requirements of our existing zoning regulations and just by the number of [variance] requests shows that it would be abusive and contrary to the comprehensive plan and incompatible with the neighborhood." (ROR, Item z., p. 2.)
The defendant did not act illegally or arbitrarily when it denied the plaintiffs' application for a variance. The evidence in the record supports the conclusion that the plaintiffs' hardship was self-created and that the variance would substantially affect the comprehensive plan of the neighborhood.
The Appeal is denied.
THE COURT
____________________ CURRAN, J. CT Page 4632